SCHAFER *v.* HAUSER.

1. ADVERSE POSSESSION—PAROL GIFT.
    The possession of land by a donee under a parol gift, accompanied by a claim of ownership, is adverse to the donor.[1]

2. SAME—MORTGAGE BY DONOR—RIGHTS OF MORTGAGEE.
    The execution of a mortgage by the donor subsequent to the entry of the donee does not change the character of the latter's possession, nor operate to suspend the running of the statute in his favor.

Error to Wayne; Hosmer, J. Submitted January 5, 1897. Decided February 18, 1897.

Ejectment by Nellie Schafer against Engelbert Hauser and others. From a judgment for defendants, plaintiff brings error. Affirmed.

*Henry M. Duffield,* for appellant.

*James H. Pound,* for appellees.

MOORE, J. This is an action of ejectment, brought to recover the possession of certain lands which the plaintiff claimed to own. Bernard Stroh was the owner of these lands prior to 1870. In 1873 he made a mortgage upon these lands and other lands to Michael Markey, which matured in three years. This mortgage was foreclosed, and a sheriff's deed made upon foreclosure to Ervin Palmer, which deed was dated February 15, 1884. February 18, 1884, Ervin Palmer and wife deeded these lands to the Lion Brewing Company, which company deeded them to the plaintiff in the case, who is a daughter of

---

[1] The authorities as to adverse possession by a donee under a parol gift are marshaled in a note to this case as reported in 35 L. R. A. 835.

Bernard Stroh, deceased. The defendant is a brother-in-law of Bernard Stroh, deceased, and had some business relations with him. It is the claim of the defendant that in 1870 Bernard Stroh gave him, by parol, the property in controversy, and put him in possession of it in 1870, and that he had been in the possession of it from that time until the commencement of this proceeding, claiming to be the owner of it. The case was tried by a jury, who found the claim of the defendant to be true, and returned a verdict in favor of the defendant. The plaintiff brings error.

The questions involved are purely law questions. It is the claim of the plaintiff that the possession of Hauser, under a parol promise to give him the property, could not be the foundation of any adverse possession; that Hauser would be only a tenant at will. It is also the claim that, under this parol promise, Hauser was a privy of Stroh, and that, as a privy of the mortgagor, he could not assert adverse possession against the mortgagee.

We think the weight of authority is against these propositions. In 1 Am. & Eng. Enc. Law, 280, it is said:

"Possession of land by a donee under a mere parol gift, accompanied with a claim of right, is an adverse holding as against the donor, which, if continued without interruption, is protected by the statute of limitations, and matures into a good title. That such a parol gift conveys no title, and only operates as a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar is complete, is immaterial. It is evidence of the beginning of an adverse possession by the donee, which can only be repelled by showing a subsequent recognition of the donor's superior title."

This statement of the law is fully supported by *Campbell* v. *Braden*, 96 Pa. St. 388; *Stewart* v. *Duffy*, 116 Ill. 47; *Bartlett* v. *Secor*, 56 Wis. 520; *Clark* v. *Gilbert*, 39 Conn. 94; *Collins* v. *Johnson*, 57 Ala. 304; *Vandiveer* v *Stickney*, 75 Ala. 225. Justice Shaw states the law to be:

" A grant, sale, or gift of land by parol is void by the statute. But, when accompanied by an actual entry and possession, it manifests the intent of the donee to enter and take as owner, and not as tenant; and it equally proves an admission on the part of the donor that the possession is so taken. Such a possession is adverse. It would be the same if the grantee should enter under a deed not executed conformably to the statute, but which the parties, by mistake, believe good. The possession of such grantee or donee cannot, in strictness, be said to be held in subordination to the title of the legal owner; but the possession is taken by the donee as owner, and because he claims to be the owner; and the grantor or donor admits that he is owner, and yields the possession because he is owner. He may reclaim and reassert his title, because he has not conveyed his estate according to law, and thus regain the possession; but until he does this, by entry or action, the possession is adverse. Such adverse possession, continued 20 years [the time then required by the Massachusetts statute], takes away the owner's right of entry. * * * It is enough for the decision of this case that the tenant had the actual, exclusive, and adverse possession of the estate more than 20 years, by which the owner, and all persons claiming under him, were barred of their entry and right of action." *Sumner* v. *Stevens*, 6 Metc. (Mass.) 337, 338.

For cases involving the doctrine of adverse possession, see *Bower* v. *Earl*, 18 Mich. 367; *Campau* v. *Lafferty*, 50 Mich. 114; *Toll* v. *Wright*, 37 Mich. 93; *Murray* v. *Hudson*, 65 Mich. 670; *Whitaker* v. *Shooting Club*, 102 Mich. 454.

It is the claim of plaintiff that, as she derived title through the foreclosure of the Markey mortgage, her right of action is saved to her by section 8506, 2 How. Stat., which provides that a purchaser at a foreclosure sale shall be vested with " all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter." It is her claim that, at the time the mortgage was made, the mortgagor had the legal title to the land, and that the statute of limitations would not run against the mortgagee until the

mortgagee had a right of action against the one in posses-
sion of the land, and that this would not accrue until the
mortgage had been foreclosed and the equity of redemp-
tion had expired. It becomes necessary to inquire what
right, title, and interest Bernard Stroh had in the land
when he made the Markey mortgage. Under the finding
of facts by the jury, it is evident the defendant went into
possession of the land in 1870, under a parol gift, and,
claiming to be the owner, was holding adversely to Bern-
ard Stroh. The latter had the legal title, and the right to
assert it against the defendant Hauser, either by entry or
by bringing action, within 15 years from the commence-
ment of adverse possession by Hauser. If he failed to
take action before the time limited by the statute expired,
he lost his right of entry, and Hauser acquired the legal
title to the land. This was not done by him or any per-
sons claiming under him. We cannot subscribe to the
contention that a mortgagee can assert a right against
one in possession of land holding adversely that could not
be asserted by the mortgagor if the mortgage had not
been made. To do so would be to hold that the owner of
the legal title could at any time suspend the running of the
statute of limitations by simply executing a mortgage
payable at some time in the future.

The other assignments of error have been considered,
but it will not be necessary to discuss them here.

Judgment is affirmed.

The other Justices concurred.