JAMES McCLENAHAN, *et al*, Exrs., Appellants, v. CATHERINE M. STEVENSON, *et al*, Appellees, AND JAMES McCLENA-HAN, *et al*, Executors, Appellants, v. CATHERINE M. STEVENSON, Appellee.

Action to Quiet Title:  ADVERSE POSSESSION:  BURDEN OF PROOF:  DIS-CLAIMER OF TITLE:  NOTICE OF HOSTILE POSSESSION.   Where title to real property is claimed by adverse possession, and such pos-session is in subordination to the title of the true owner, the burden is on the one asserting such possession to show that it is

1   hostile, with the knowledge, either express or implied, of the true owner that such possession is adverse, and under claim of right and color of title; and there must be a disclaimer of title by the true owner, and actual hostile possession of which he has notice, or which is so open and notorious as to raise the presumption of notice.

Same: POSSESSION BY BENEFICIARY NOT HOSTILE.   The possession of land by its grantors under a claim that the conveyance was in trust for them does not constitute hostile possession as to their grantee.

Same: FRAUDULENT CONVEYANCE.   A fraudulent conveyance is binding between grantor and grantee and all persons claiming in privity with them, and such a grantor in possession is presumed to hold in subordination to the title of his grantee.

Adverse Possession: PAROL GIFT:   To constitute title by adverse possession resulting from a parol gift, the gift, possession and identity of the property must be shown.

Same: WRITTEN LEASE BY ONE IN POSSESSION.   A written lease of land by one in possession, with knowledge of the ownership, is such an explanation of his previous possession as to rebut any subsequent claim that it was adverse where the statute of limitations has not run.

Adverse Possession: EVIDENCE OF:   Evidence considered in all aspects and found insufficient to support the claim of hostile possession or that the same was held under color of title or claim of right.

Express Trust: WANT OF CONSIDERATION: EVIDENCE.   Neither parol evidence nor want of consideration for a deed are competent to establish an express trust.   Evidence in the case considered.

*Appeal from Buchanan District Court.*—Hon. A. B. Blair,
Judge.

Monday, October 20, 1902.

Suit in equity to quiet title to certain lots and lands in Buchanan county.   Plaintiffs claim title as executors of the estate of David Stevenson, Jr., deceased.   Defendants, who are the widow and heirs at law of Daniel Stevenson, also deceased, claim that he (Daniel) was the real and beneficial owner of the property at the time of his death in the year 1868; that David held the legal title in trust for the heirs of Daniel, under an oral agreement to reconvey to said widow and heirs; that Daniel purchased the same with his own means, and that David held the title in trust; that they (defendants) have been in the adverse

possession of all of such property under a claim of right since the year 1868, and that they have occupied a part of the property since the year 1865 under a claim of right; that, after the death of Daniel, David purchased other property, and put defendants in possession thereof, who took and used the same under a claim of right, and have been in the adverse possession thereof for more than 10 years. Plaintiffs denied the claims made by defendants, and also pleaded a lease to them of the property, or a part thereof, in the year 1892. Defendants admit the making of the lease, and, among other things, say it was obtained by fraud and misrepresentation, and also pleaded a disclaimer of the same after its execution. On these as well as some other issues, which will be referred to in the body of the opinion, the case was tried to the court, resulting in a decree dismissing plaintiffs' petition, and quieting title in the defendants. Plaintiffs appeal.—*Reversed.*

*J. C. Gates, Dunham, Norris & Stiles* and *Bronson & Carr* for appellant.

*Ransier & Everett* for appellees.

Deemer, J.—The records show a complete chain of title from the patent down through *mesne* conveyances, including transfers from Daniel M. Stevenson to David Stevenson, in plaintiffs, as executors of the last will and testament of David Stevenson, Jr., deceased, who died in the city of New York in the year 1892; and they should have a decree quieting title to all said property, unless it be for some of the defenses pleaded by defendants in their answer and cross-bill. The burden is on the defendants to establish one or more of these defenses, and as to some of them the evidence must be clear, satisfactory, and convincing. Defendants' principal reliance is on the statute of limitations, or, in other words, adverse possession. The land in controversy consists of a number of lots in the

town of Jessup, a 40-acre timber lot, and 240 acres of land situated in what is known as "Perry Township," all, as has been stated, lying in Buchanan county, Iowa. Defendants say they have been in possession of the Jessup lots since about the year 1863, of the timber 40 since about the year 1865, and of the various lots comprising the 240 acres from varying periods between the years 1863 and 1883 down to the present, and that their possession has been actual, open, hostile, notorious, uninterrupted, and under claim of right during all of these years. This issue is of so much importance that we shall consider it before going to the other points in the case.

It is well to state before going farther that Daniel M. Stevenson never owned any of the property in dispute except 50 acres of the 240 and 14 lots in the town of Jessup, and this he conveyed to David Stevenson, Sr. David Stevenson, Jr., who is plaintiff's testate, acquired title to all of the property through a devise from his father, David, Sr. It is claimed by defendants that the conveyance of these 14 lots and of the 50 acres of land by Daniel to David, Sr., was without consideration, and in trust for the widow and heirs at law of Daniel M. Stevenson. The other property in dispute was originally acquired by David Stevenson, Sr., from strangers to Daniel, after Daniel's death, and he (Daniel) never had any record title thereto. The defendants claim, however, that Daniel furnished the consideration for the purchase of the 40-acre timber tract, and that, although the title was taken in the name of David, Sr., he held the same in trust for Daniel and his heirs. Defendants also claim title to part of the property under a parol gift from David Stevenson, Sr., followed by adverse possession for the statutory time. These matters are referred to at this time not for the purpose of disposing of them, but to a better understanding of the issue of adverse possession.

We now return to that issue. Except as to the timber 40, the defendants, or some of them, have been in the

actual and uninterrupted possession of all the property in dispute for the statutory period of limitations; but the real question in the case is as to the character of that possession,—whether hostile or permissive, under claim of right or color of title, or in subordination to and in recognition of the title of the true owner. This is, of course, a question of fact, and for its solution we have been compelled, on account of counsel's failure to agree on the testimony, to resort to a long transcript of the evidence. Presumptively, the possession was in subordination to the title of the true owner, and the burden is on defendants,to show that their possession was hostile, which necessarily involves knowledge, either express or implied, on the part of the true owner, that such possession was adverse, and under claim of right or color of title. If possession is originally acquired in subordination to the title of the true owner, there must be a disclaimer of the title from him, and actual hostile possession, of which he has notice, or which is so open and notorious as to raise a presumption of notice. These rules are well settled, and not disputed by the parties, as we understand it. They are announced by a long line of decisions, of which we need only cite the following: *Kirk v. Smith*, 9 Wheat. 241 (6 L. Ed. 81); *Davenport v. Sebring*, 52 Iowa, 364; *Litchfield v. Sewell*, 97 Iowa, 247; *Grube v. Wells*, 34 Iowa, 148; *Schwallback v. Railway Co.*, 69 Wis. 292, and authorities cited. We have, then, to inquire whether plaintiffs have met the burden imposed upon them: First, as to whether or not their possession was hostile or permissive; second, as to whether such possession was under color of title or claim of right. In the instant case these two propositions are so closely allied that it is difficult to discuss one without considering the other. The exact contention made by the defendants, as we understand it, is that as to the property conveyed by Daniel to David Stevenson, Sr., the conveyance was without consideration,

*Marginal note: 1. ADVERSE possession: burden of proof: disclaimer of title: notice of hostile possession.*

and either to defeat and defraud certain creditors of Daniel, or upon a parol trust that he (David) should hold the property for the family of Daniel; and, as to the other property, that David Sr., either made a parol gift of it to defendant Catherine M. Stevenson for her individual benefit, or for the benefit of herself and family, or that he intended to convey the same to her or them, and that the defendants' occupancy has been under one or the other of these claims. These propositions of fact are denied by the plaintiffs. They insist, and offer evidence to show, that defendants' possession was at all times subservient to and in recognition of plaintiffs' title; that they were lessees of plaintiffs' testate and his devisor, and have at no time asserted title in hostility to the title of plaintiffs and their devisors. Citation of authorities is hardly necessary to show that a fraudulent conveyance is good as between the grantor and grantee and all persons claiming in privity with them, and that an express trust cannot be established by parol. In so far as defendants were asserting title as beneficiaries under a parol trust, they were not claiming anything in hostility to the legal title. At law the *cestui que* trust is regarded as a tenant at will to the trustee, and

2. SAME: possession by beneficiary not hostile. until this tenancy is terminated there can be no adverse possession. *Marr's Heirs v. Gilliam*, 1 Cold. 488; *Jones v. Shomaker*, (Fla.) 26 Southern Rep. 191; *Smith v. King*, 16 East, 283. The possession of one is the possession of the other. There may be circumstances under which the beneficiary may take advantage of the statute, but they do not appear in this case. Even now the defendants are claiming the benefit of either an express or resulting trust, and not in hostility to the legal title.

With reference to the claim that the conveyance from Daniel to David was in fraud of creditors, and that defendants, as successors of Daniel, are holding adversely to David and his devisees, we have already seen that, if it

be conceded that the conveyance was in fraud of creditors, it was good as between the parties thereto and all persons in privity with them. In such cases a grantor in possession is presumed, in the absence of a contrary showing, to be holding in subordination to the title of his grantee. *McNiel v. Jordon*, 28 Kan. 7. Of course, such a grantor may acquire title by adverse possession, even as against his warranty deed; but he must explicitly disclaim holding under his grantee, and openly assert his title in hostility to the title claimed under his own previous deed. *Knight v. Knight*, 178 Ill. 553 (53. N. E. Rep. 306); *Stearns v. Hendersass*, 9 Cush. 497 (57 Am. Dec. 65). But the mere fact that the grantor and his heirs remain in possession, enjoying the property in the same manner as they did before the conveyance was made, does not bind the grantee with notice of an adverse claim. *Hennessey v. Andrews*, 6 Cush. 170; *Van Keuren v. Railroad Co.*, 38 N. J. Law, 165; *Paldi v. Paldi*, (Mich.) 47 N. W. Rep. 511; *Ivey v. Beddingfield* (Ala.) 18 South. Rep. 139; *Evans v. Templeton*, 6 S. W. Rep. 843 (5 Am. St. Rep. 71). Of course, if the grantor and his heirs remain in possession for the statutory period, openly claiming the land as their own, and this claim is made known to the grantee, either expressly or by implication, title may be acquired through such possession. *Meeks v. Garner*, (Ala.) 8 South. Rep. 378 (11 L. R. A. 196); *Knight v. Knight, supra*. But he must openly claim the land as his own, and not under or by the permission of his grantee. The presumption, as elsewhere stated, always is that a grantor who remains in possession holds without claim of right, and by sufferance of his grantee. Defendants do not assert in this case that the conveyance was made with intent to defraud creditors. That fact, if it be a fact, appears from some other evidence in the case; but, in any event, there is no evidence of a claim in hostility to the apparent title of the grantor. The

*3. SAME: fraudulent conveyance.*

evidence shows beyond dispute that their possession, when first acquired, was permissive, and there is no evidence that either of the David Stevensons ever knew that defendants were claiming in hostitlity to them until about the time of the making of a lease, to which we shall presently refer.

Referring now to the claim of parol gift and possession thereunder, it is sufficient to say that, if there was such gift, followed by possession, it would, no doubt, be

4. **Adverse possession: parol gift.** good as, to such of the land as is sufficiently identified. *Sumner v. Stevens*, 6 Metc. (Mass.), 337; *Thomson v. Thomson*, 93 Ky. 435, (20 S. W. Rep. 373); *Schafer v. Hawser*, 111 Mich. 622 (70 N. W. Rep. 136, 35 L. R. A. 835, 66 Am. St. Rep. 403); *Studstill v. Wilcox*, (Ga.) 20 S. E. Rep. 120. But if one enters upon land with the owner's permission, expecting merely that the owner will give it to him in the future, such entry and permission will not constitute a hostile holding. *Com. v. Gibson* (Ky.) 4 S. W. Rep. 453; *Potts v. Coleman*, 67 Ala. 221; *Comins v. Comins*, 21 Conn. 413. In the case at bar there is no competent evidence of a gift. At most, there was nothing more, we think, than an expectation on the part of the defendants that David Stevenson, Sr., would at some time give them the land, and no claim of actual gift was made until after the death of David, Sr. Much incompetent evidence was introduced to establish defendants' claims, which we do not consider in reaching our conclusions. And it is sufficient now to say that defendants' claim of holding under an express trust resting in parol is not sufficient to support their claim of adverse possession; that there is not sufficient evidence to show that the conveyance from Daniel to David was in fraud of creditors; but that, if there was, it is not shown that the possession, which is conceded to have been permissive originally, ever became hostile; and that their claim of parol gift is not supported by sufficient competent evidence.

Moreover, the evidence, to our minds, shows that defend-
ants' possession was at all times permissive and in subor-
dination to the title of the Stevensons, father and son;
that they were lessees at a merely nominal rent, paying
taxes as part of the consideration for the use of the land;
and that not until after the death of David Stevenson, Sr.,
which occurred in the year 1884, did the defendants make
any claim that they were the owners of the land. At that
time—which was before the statute had run—their claim
was distinctly negatived by David Stevenson, Jr., who in-
sisted defendants were simply to have the use of the prop-
erty in consideration of their paying taxes thereon.
Defendants did pay these taxes for a number of years, and
forwarded the receipts showing payments to David Steven-
son, Jr., according to his request. That David Stevenson,
Sr., at one time expected to give defendants some of the
land in dispute, we have no doubt; but it is practically
conceded that he never carried out this intention, but, on
the contrary, devised a part of it to his son, David, Jr.,
and sold the remainder to other parties. All the written
and documentary evidence adduced tends to confirm this
conclusion, and, in addition thereto, there is strong, if not
convincing proof of this view in the fact that on August
18, 1892, Mrs. Stevenson and her daughter, Jennie Hatha-
way, leased all the lands in dispute of David Stevenson,
Jr., by a written lease, for the full term of ten years, at
the agreed rental of $100 per year; the lessee to pay all
the taxes thereon. The defendants have attempted to ex-
plain this lease, but, even if their testimony with reference
thereto was competent,—which, we think, it was not,—
it is not such as to destroy the almost conclusive force of
the document as evidence that defendant's possession was
at all times permissive. The lease gave the lessees per-
mission to sublet to other members of their family, and
this privilege they availed themselves of, and afterwards
brought suit against some of the sublessees, in which they

alleged that they were lessees, not owners, of the property. It is elementary doctrine that a tenant cannot deny or dispute his landlord's title, and this rule obtains even if the tenant is in possession at the time the lease is made. *Bowdish v. City of Dubuque,* 38 Iowa, 341; *Stout v. Merrill,* 35 Iowa, 51.

When one in possession of land with full knowledge of all the facts deliberately enters into a written contract by the terms of which he acquires a leasehold interest therein, he does an act which so explains his previous possession as to rebut any subsequent claim that it was adverse. *Church v. Burghardt,* 8 Pick. 327. This rule obtains beyond all question if the lease is made before the full period of the statute of limitations has run. If made after the statutory period has elapsed, and the title of the true owner is barred, there is a conflict in the authorities as to its conclusive effect. *Vickery v. Benson,* 26 Ga. 589, and *Church v. Burghardt, supra,* on the one side, and *School Dist., v. Benson,* 31 Me. 381 (52 Am. Dec. 618), and *Bradford v. Guthrie,* 4 Brewst. 351, on the other. It is not necessary at this time to settle the rule for this state, for, if we accept the one contended for by defendants, it is nevertheless true that the making of the lease under the conditions shown is strong evidence that defendants' possession was at all times permissive, and in subordination to the true title. When called upon to act for the purpose of settling their rights to the land, they accepted a lease for the premises, and did not then insist or rely upon the fact that they were the owners thereof. This is a strong circumstance against their present claims. *Sage v. Rudnick,* (Minn.) 69 N. W. Rep. 1096; *Todd v. Weed,* (Minn.) 86 N. W. Rep. 756. As already intimated, this lease was made as a sort of settlement between the parties, although it is not pleaded as such, and defendants' acceptance of it, under the circumstances disclosed by the record, is very strong evidence in support of our conclusions.

5. SAME: written lease by one in possession.

There are some other cogent circumstances confirmatory of our findings. For instance, suit was at one time brought to foreclose a mechanic's lien on part of the property. Catherine Stevenson, defendant, under oath denied that she was the owner of the property, and on the issues thus joined the case was tried, resulting in the defeat of the mehanic's lien holder. There is also some correspondence between the parties which indicates that defendant's possession was at all times permissive. We need not set all this out, as to do so would unduly extend this opinion, which already bids fair to exceed proper limits. But we cannot forbear copying the following letter which shows how David Stevenson, Jr., regarded defendants' possession: "Nov. 18th, 1886. Mr. Thomas Stevenson—Dear Sir: The property you occupy is going to be sold for taxes. I supposed the benefit you derived from the property would have enabled you to pay the taxes before December 1st. The property you received benefit from I will pay the taxes on, and find a tenant for the same. Yours respectfully, David Stevenson, J. W. C." Thereafter defendants, or some of them, paid the taxes, and sent receipts therefor to David Stevenson. Our conclusion, after going over the whole record with great care, is that defendants have not established their claim of adverse possession.

*6. ADVERSE possession: evidence of.*

II. Two other questions remain. Have defendants shown a resulting trust in any part of the lands, either by proof of having furnished the consideration therefor, or by any other competent evidence? That they cannot establish an express trust by parol is too clear for argument, and that they cannot establish a trust by showing an entire want of consideration for the deed from Daniel M. to David, Sr., is equally clear. *Acker v. Priest*, 92 Iowa, 610. The evidence as to a resulting trust in the forty acres of timber land is not sufficient to support defendants' claim thereto. Such

*7. EXPRESS trust: want of consideration: evidence.*

evidence must be clear, satisfactory, and convincing; and, if but an aliquot part of the purchase price is paid, the exact part so furnished must be established. This has not been done, and defendants are not entitled to any relief on this score.

We have neglected to state until now that two actions are involved in this appeal. The issues and facts in one have already been stated. The other is an action at law against Catherine Stevenson to recover rent for the premises under the lease hitherto mentioned. By agreement the causes were consolidated, and tried as an equitable action. As the decree in the first case must be reversed, it follows the judgment in the second case must also be reversed, and a new trial granted.

The judgment and decree in each case is, for the reasons stated, REVERSED.