# BOYD S. ALDRICH AND ANOTHER v. CLARENCE O. DUNN AND ANOTHER.[1]

April 21, 1944.

No. 33,685.

*Edward Cohen* and *William E. Honeycutt,* for appellants.
*W. L. Hursh* and *Homer R. Kinney,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiffs appeal from an order denying their motion for a new trial. Their suit was "for an injunction restraining defendants

[1]Reported in 14 N. W. (2d) 489.

* * * from interfering" with their use of a driveway located upon a lot owned and occupied by defendants Clarence O. Dunn and wife. Plaintiffs own and occupy lot three, which lies north of defendants' lot eight. (The lots do not run in a straight line north and south but at a slight angle, northwesterly and southeasterly, but in our discussion we shall refer to the directions as north and south.) They acquired by deed conveying lot three "together with an easement for right of way for foot and vehicular traffic over lot nine." Their grantor owned both lots three and nine, but lot eight was then owned by defendant Clarence Dunn, who later caused a survey to be made to determine whether the driveway was in fact upon his property or upon the adjoining lot nine. The survey clearly showed that the driveway is located almost entirely upon his lot. The northerly part is wholly thereon, and as to the southerly part, at least 7.5 feet out of a total width of nine feet of the driveway is upon lot eight.

The court found that, while this driveway had existed and been in use as such over a period of something like 20 years, such use was purely permissive, not hostile, as to the present owner of lot eight and his predecessors in interest. It concluded that plaintiffs had acquired no "right of way by prescription, adverse user or otherwise" over or upon defendants' lot. This finding, obviously determinative of the result, is challenged here as "not justified by the evidence."

Plaintiffs realize that they have a difficult hurdle to clear. They have no proof of direct grant, nor is the record such as to compel the conclusion that the court was in error in reaching the conclusion it did. As a matter of fact, it is interesting to note that before the original owner built his garage on his lot three he asked permission to use the land to the south as a driveway. Lot eight was then owned by Mr. Putnam. The testimony of Mrs. Warmington, Putnam's daughter, who overheard the conversation between the parties, fully sustains the court's findings of original permissive use only.

Plaintiffs do not, nor can they, claim title under their grant from the owner with whom they dealt and from whom their title is directly derived. The right of way there granted is by its terms upon the property of one not a party to this suit. Nor does this suit involve correction or reformation of any of the instruments of record affecting the property rights of the parties. The only theory upon which plaintiffs hope to find a peg upon which to hang their cause is that the driveway, because of long use by plaintiffs and their predecessors, created an easement, which, by the general terms of their deed from the owner, was carried as appurtenant to the main grant.

■ In respect to the testimony of Mrs. Warmington, challenged by plaintiffs largely if not wholly because the conversation took place so many years ago, we think our holding in Johnson v. Olson, 189 Minn. 183, 185, 186, 248 N. W. 700, 701, adequately meets their objection. In that case it will be observed that the testimony related back to a period some 30 years before the date of trial, and the one testifying was at the time she overheard the conversation only nine years of age. The holding there was that the credibility of the witness was for the trial court. And so here, the trial court observed that "Mrs. Warmington appeared to be an intelligent witness, and unbiased and unprejudiced and unimpeached, and her testimony was not improbable."

■ The rule to be applied in cases of this type is well stated in Johnson v. Hegland, 175 Minn. 592, 595, 222 N. W. 272, 273, as follows:

"* * * The use, having been permissive in its inception and not under any claim or color of right, cannot become adverse or hostile until the intention so to use is conveyed to the owner of the servient estate."

That opinion adopts with approval the following statement found in 19 C. J., Easements, § 54; 28 C. J. S., Easements, § 14:

"* * * to transform a permissive use into an adverse one there must be a distinct and positive assertion of a right hostile to the

rights of the owner, and such assertion must be brought to his attention, and the use continued for the full prescriptive period under the assertion of right; and the rule is not affected by the fact that the privilege is claimed by successors in interest of the party to whom the permissive use was originally given."

Our subsequent cases are in full accord: *Cf.* Johnson v. Olson, *supra;* State, by Attorney General, v. Riley, 213 Minn. 448, 452, 7 N. W. (2d) 770, 772, 773; Hoverson v. Hoverson, 216 Minn. 228, 232-236, 12 N. W. (2d) 501, 504-505. Appropriate is our observation in the recent case of Romans v. Nadler, 217 Minn. 174, 181, 14 N. W. (2d) 482, 486, that the trespassers (plaintiffs here) should have "run up" their "flag of hostile claim, so as to warn the owner that, if he acquiesces, adverse rights will be established against him." This they have never done.

■ That the court's findings are well sustained by the evidence cannot well be doubted. In this situation, since we are not the triers of fact but sit as a court of review only, our duty is plain. There must be an affirmance.

Affirmed.