JOHN L. STEVENS v. ERASTUS F. WHITCOMB.

A person may be compelled to testify, as a witness, against his interest, if he be not the real party to the suit.

A grantor may so far disseize his grantee as to render a conveyance of the land, made by the grantee to a stranger, inoperative.

This may be done by setting up a claim of title to the land in himself, if this be made known to the grantee.

EJECTMENT for land in Richmond. Plea, the general issue, and trial by jury. It was admitted on the trial that the original title to the premises was in William Cox; that both parties claimed under him; and that the defendant was in possession of the premises when the suit was commenced.

The plaintiff gave in evidence a warrantee deed from William Cox to Francis Cox, dated Jan. 18, 1828, which in fact included the land in question, although it was not so supposed by the parties to it at the time it was given. Also a warrantee deed of the same date, conveying the same premises from Francis Cox to D. P. Lapham & Co., which firm consisted of D. P. Lapham, William P. Briggs and Reuben Nims. Also a warrantee deed from said Lapham and Briggs to said Nims, dated July 6, 1829, conveying two undivided third parts of the same premises; and a deed from said Nims to the plaintiff, dated April 25, 1831, conveying the whole of said premises.

The plaintiff also gave in evidence a copy of a warrantee deed from William Cox to Samuel Martin, dated May 6, 1834, conveying the land in dispute, and a warrantee deed from said Martin to the defendant, dated Nov. 11, 1834, conveying the same land. It was admitted that William Cox was in possession of said land at the date of his deed to Francis Cox, and that he continued in possession until the date of his deed to Martin, and that Martin and the defendant entered into possession of the same land at the dates of their respective deeds.

The defendant then offered William P. Briggs as a witness, who was objected to by the plaintiff, as being interested in the event of the suit; and the said Briggs also claimed that he was interested, as warrantor to the plaintiff, and that he ought not to be required to testify. But the court overruled both objections.

16

The said Briggs then testified, that, at the time Francis Cox deeded to D. P. Lapham & Co., the said William Cox was in possession of the land in controversy, occupying it as his own, and so remained in possession until he deeded to Samuel Martin; that said Martin immediately entered into possession thereof under his said deed, claiming it as his own, and so remained until he deeded to the defendant, who also immediately entered into possession, claiming it as his own, and so remained until the present time; that said D. P. Lapham & Co. entered into possession under their deed, and occupied and claimed to the land occupied and claimed by said William Cox, and his grantees aforesaid, and no farther; and that, at the time Nims deeded to the plaintiff, the plaintiff, Nims, and the witness went on to the land, and the boundaries of the land owned by Nims, and by him deeded to the plaintiff, were pointed out to the plaintiff, and that they did not include any portion of the land of which said William Cox was in possession, or of which the said Martin, or the defendant, has since been in possession.

The court charged the jury, that the testimony of said Briggs was competent and proper testimony to show an adverse possession in William Cox to the lands now in dispute, so as to render the deed from Nims to the plaintiff inoperative as to the lands now in dispute, of which the defendant is in possession; and that there was nothing in the case to conclude the defendant from availing himself of such adverse possession. Whereupon the plaintiff submitted to a verdict for the defendant. Exceptions by the plaintiff.

*C. D. Kasson* for plaintiff.

1. The case shows that the land in dispute was actually covered by the deed from William Cox to the plaintiff's grantors. Hence William Cox, who still remained in possession of the land at the date of the deed to the plaintiff, is estopped by his own deed from setting up an adverse claim. He does not claim that the land " was not contained in his deed," which distinguishes this case from that of *Robinson* v. *Douglass*, 2 Aik. 364. When there is no dispute as to the extent of the premises conveyed, the grantor is estopped from averring against his own deed. And when both parties claim title from a common source, he will succeed, who has the best title from that source. *Bush* v. *Whitney*, 1 D. Ch. 369. *Blake* v.

Stevens *v.* Whitcomb.

*Howe,* 1 Aik. 306. *Brooks* v. *Chaplin,* 3 Vt. 281. *Selleck* v. *Starr,* 6 Vt. 194. *Harrington et al.* v. *Gage et al.,* 6 Vt. 532. *Reed, Adm'r,* v. *Shepley,* 6 Vt. 602. *Bracket et ux.* v. *Waite et al.,* 6 Vt. 411. *Lord* v. *Bigelow,* 8 Vt. 445. *Green et al.* v. *Clark,* 13 Vt. 158. *Stevens* v. *Stevens,* 16 Johns. 110. *Patterson* v. *Hill,* 9 Cow. 747. *Williams* v. *Miller,* 6 Cow. 751. *Jackson* v. *Bull,* 1 Johns. Cas. 90, and note (a). *Jackson* v. *Smith,* 7 Cow. 717.

2. William P. Briggs, being in the chain of the plaintiff's title, and one of his covenantors, could not be compelled to testify ; and the plaintiff has the same right to object to him, that he would have to object to producing his own documents to defeat this action. 3 Stark. Ev. 1722, note 5, and cases there cited.

*J. Maeck* for defendant.

1. Briggs might rightfully be *permitted* to testify in the case. *Nichols* v. *Holgate,* 2 Aik. 140. *Seymour* v. *Beach,* 4 Vt. 493.

2. The weight of authority is that a witness may be *compelled* to testify, though his evidence will subject him to a pecuniary loss. 1 Greenl. Ev. 503, and cases cited. 1 Cowen & Hill's Notes to Phil. on Ev. 739, 740, and cases cited.

3. It has been held in this state that a person may set up an adverse possession against his own deed. *Robinson* v. *Douglass,* 2 Aik. 364.

4. The testimony of Briggs was amply sufficient to prove such adverse possession in this case.

The opinion of the court was delivered by

REDFIELD, J. In regard to the right of the county court to compel the witness to testify against his interest, there can be, I apprehend, little doubt. It is now well settled in this state, by a long course of practice and one decision of this court, (*Ward* v. *Sharp,* 15 Vt. 115,) that any interest, short of being the *real* party, will not excuse a witness from giving testimony. If the witness be the real party to the suit, he cannot be compelled to testify, and by consequence his declarations and admissions, against his interest, become evidence against the party standing in his right.

In regard to the adverse possession of William Cox, and those claiming under him, having the effect to avoid the deeds given dur-

ing that possession, and by which the plaintiff derives title to the premises, we can entertain no doubt.   Any adverse possession, which is sufficient to create a disseizin, is sufficient to render void all conveyances of the land of which the grantor is thus disseized. The common law rule against conveying such mere rights of action, and our statute in affirmance of that rule, are directed against just such conveyances.   To say, then, that the grantor, remaining in possession after his deed, is incapable of committing a disseizin upon his grantee, involves an absurdity too gross almost for argument.   He is a mere tenant by sufferance, whom the grantee may elect to treat as a *tenant*, or as a *disseizor*.  He may bring ejectment, or treat him as an occupier under himself.   But if the grantor set up a claim of title in himself, and this be made known to the grantee, the grantor, from that time, becomes a *disseizor in fact*,—the grantee can no longer treat him as a tenant.   Hence he cannot convey the premises ; and, if he suffer the term of the statute of limitations to elapse, his right to the land is gone.   These principles are too well settled in this state to require much discussion. *Robinson v. Douglass*, 2 Aik. 364.   This subject is very fully discussed in *Hall v. Dewey et al.*, 10 Vt. 593.   When it is said, in the books, that the tenant cannot dispute the title of his landlord, or that the grantor cannot dispute the title of his grantee, nothing more is meant, I apprehend, than that he cannot *prevail* against his landlord, or grantee, in *disputing his title in a court of law*.  He has no legal or moral *right* to dispute such title, but he has nevertheless the *physical ability* so to do ; and, when he sees fit to exercise that *ability*, the legal effects of the act are to put him in an antagonist position, the same as if he had *originally entered* into the possession *unlawfully*.　　　　　　　　　　　　Judgment affirmed.