## EDMUND KELLY v. HARRY PALMER.[1]

December 18, 1903.

Nos. 13,711—(116).

**Possession of Land by Grantor.**

Where a grantor remains in possession of land after a valid conveyance thereof, his possession, as well as that of those occupying the land under him, is presumed to be permissive.

**Adverse Possession.**

The presumption, however, is not conclusive, for, if the party so in possession asserts claim to title in himself, and his claim is made known to the grantee, his possession is hostile and adverse.

**Notice.**

Notice of such hostile claim need not be given to the grantee directly or in words. It may be brought home to him by acts of the occupant so open, notorious, and hostile as to show clearly that he is claiming adversely.

**Evidence.**

Rules applied, and *held* that the question whether the defendant had acquired title to the land here in question by adverse possession was one of fact, and that the verdict is sustained by the evidence.

[1]Reported in 97 N. W. 578.

**Request to Charge Jury.**

A request for an instruction to the jury *held* rightly refused, it being incomplete and misleading.

Action of ejectment in the district court for Houston county. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Duxbury & Duxbury,* for appellant.

*O. K. Dahle,* for respondent.

START, C. J.

This is an action of ejectment to recover the possession of a lot in the village of Brownsville, this state, and was commenced in June, 1901. The complaint alleges that the plaintiff is the owner in fee of the lot, and entitled to the possession thereof. The answer denied the plaintiff's title, and set up title in the defendant by adverse possession. It also tendered other issues, but the only issue submitted to the jury was the one as to adverse possession.

The plaintiff requested the court to direct the jury to return a verdict for him, which was refused. The court then gave to the jury its general charge, and, at the conclusion thereof, said: "Any suggestions?" In response to this, the plaintiff's counsel said:

"I think your honor should charge the jury that, in order to recover, the defendant must bring home notice to the true owner." The judge replied: "That covers the same question presented by your motion. I shall decline to give that."

The jury returned a verdict for the defendant, and the plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict, or for a new trial.

The plaintiff here urges that the court erred in not directing a verdict in his favor; hence it was error to deny his motion for judgment notwithstanding the verdict. This is the principal question to be decided, for, unless the plaintiff was entitled to a directed verdict, he was not entitled to a new trial on the ground that the verdict was not sustained by the evidence.

The evidence is undisputed that on April 23, 1873, Lyman Loomis, the then owner of the lot, was, with his wife, in the possession thereof, and that on the day named they conveyed it by warranty deed to the plaintiff herein, who did not record his deed until January 24, 1901; that, after this deed was made, Mr. Loomis, by himself and his tenants, remained in possession of the lot until his death, in 1884; and that his widow thereafter continued in possession until the latter part of March, 1885, when the defendant's grantor, Clifton Hackett, entered into a verbal contract with her for the purchase of the lot; and further that on April 1, 1885, Clifton Hackett, pursuant to such contract, went into possession of the lot, and continuously occupied it until November 1, 1900, when the defendant went into possession thereof pursuant to a contract with Clifton Hackett for the purchase of his interest in the lot, who, with his wife, executed and delivered to the defendant a quitclaim deed thereof on May 31, 1901.

The lot was of little value before the improvements made thereon by the defendant's grantor. The possession of neither Mr. Loomis, nor that of his widow after his death, was hostile to the plaintiff, for the rule is well settled that, where a grantor remains in possession of land after a valid conveyance thereof, his possession is presumed to be permissive, and in subservience to the title of his grantee as a mere licensee. This presumption extends to one who receives possession from the grantor. And in such a case the possession does not begin to be hostile until the party in possession asserts claim of title in himself, and such claim is made known to the grantee. Cameron v. Chicago, M. & St. P. Ry. Co., 60 Minn. 100, 61 N. W. 814; Collins v. Colleran, 86 Minn. 199, 90 N. W. 364. Notice, however, of such hostile claim, need not be given to the grantee directly or in words, for it may be brought home to him by acts of the occupant so open, notorious, and hostile as to show clearly that he is claiming adversely. Stevens v. Whitcomb, 16 Vt. 121; Meyer v. Hope, 101 Wis. 123, 77 N. W. 720.

It is urged on behalf of the plaintiff that there was no evidence in this case to justify the jury in finding that Hackett claimed the lot adversely to plaintiff, and that the latter had notice of such claim. We are of the opinion that there was.

The evidence must be considered in the light of the admitted fact that during all the time the lot was occupied by Hackett the plaintiff

lived within four or five blocks of it, and knew of such occupancy; and further that Hackett made an oral contract with Mrs. Loomis for the purchase of the lot, with a promise of future assurance; and that by virtue thereof he went into possession, and thereafter treated it as his own. It is true that the defendant's claim of title, as finally submitted to the jury, rested upon adverse possession, and not purchase, and that our registry laws have no application to title by adverse possession, yet the fact that Hackett took possession under his oral, but invalid, contract of purchase from one in possession, who, as appeared by the record, had an interest in the land, strongly tends to show that he entered under a claim of right, and not as a mere licensee. The important point, however, is, does the evidence tend to show that the plaintiff was advised of this claim? It tends to show that, upon his entry into possession, Hackett removed the barn from the lot, built a kitchen thereon, shingled the house, and built a fence. These are not the acts of a mere licensee, but of a disseisor in fact, asserting by such acts dominion over and title to the lot. It was a question of fact for the jury to determine whether the plaintiff had knowledge of these acts, and must have known that Hackett was claiming the lot adversely to him. The evidence tends to show other acts on the part of Hackett which must have been known to the plaintiff which were wholly inconsistent with the claim that Hackett was in possession as a mere licensee. We hold that the plaintiff was not entitled to an instructed verdict, and that the evidence was sufficient to sustain the verdict of the jury for the defendant.

One other assignment of error remains to be considered. It is that

> "The court erred in refusing plaintiff's request to charge the jury that, in order to recover, the defendant must bring home notice to the true owner that he was claiming adversely to his title."

The only request made having any relation to this assignment of error was the one we have already set forth. If the two be compared, it is apparent that the court was not requested to instruct the jury as stated in the assignment of error, and that the request as made was rightly refused, for it was incomplete and indefinite, and, if given as made, would have misled the jury. It is immaterial that the trial judge

gave a different reason for his refusal, or that he probably understood what counsel intended by the request, for the question is, what would the jury have understood from it if it had been given?

Order affirmed.