KNUD OMODT v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 11, 1908.

Nos. 15,829—(119).

**Adverse User Permissive in Inception.**

Adverse user of real property, which is in its inception permissive and subservient to the title of the true owner, and not hostile or under claim or color of right, is presumed to so continue until the contrary is affirmatively shown, and does not ripen into title, however long it may continue.

**Same—Prescriptive Right.**

Rule applied to the use and enjoyment of a passageway under defendant's railroad track, and the facts stated in the opinion *held* not to establish a prescriptive right to continue the use.

Action in the district court for Houston county for a decree directing defendant to open and maintain a suitable road under its railroad, for the use of plaintiff for teams, cattle and farm stock, and for $800 damages. The case was tried before Kingsley, J., and a jury which rendered a verdict in favor of plaintiff for $25. From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*G. W. Rockwell,* for appellant.

*W. H. Harries* and *Chas. E. Vroman,* for respondent.

BROWN, J.

In 1877 one Swenson conveyed to the Southern Minnesota Railway Company a right of way one hundred feet wide across his farm, the

[1] Reported in 118 N. W. 798.

result of which was to divide the land into two tracts; the larger part being upon the side of the railroad opposite his buildings. Immediately after the conveyance the company took possession of the same and constructed its track thereon. A small stream ran along the east line of the farm, over which and for a distance of about two hundred feet the railroad company constructed a trestle, upon which its track was laid. Swenson thereafter made use of the space between the piles of the trestle in driving his stock to and from the part of the farm on the north to that part on the south side of the track, and for other purposes, and continued to do so without interruption or objection from the company until his death, some ten years after the construction of the road. His heirs subsequently exercised the same right, as has plaintiff, who succeeded to the Swenson title.

Defendant, successor of the Southern Minnesota Company, in 1906, to improve its roadbed and eliminate the dangers incident to the trestle work, filled the space with earth, and thereby completely obstructed further passage under the track. Plaintiff then brought this action to establish an easement under the track at this point, and to compel defendant to open the same and keep and maintain it in suitable condition for his use, and for damages and other relief. A verdict was rendered for plaintiff, which the court subsequently set aside, and ordered final judgment in defendant's favor on the merits of the action. Plaintiff appealed.

It is the contention of the plaintiff that, the passage under the track having been used and enjoyed by him and his predecessors in title for more than fifteen years, a right to the continued enjoyment thereof arose in his favor by prescription. The facts in this case do not sustain this position. In order to constitute title, or create an easement over the land of another, by adverse possession or user, the possession or user relied upon must not only be open and notorious, and without interruption, but hostile in its inception and under some color or claim of right. Such was clearly not the character of the user relied upon by plaintiff to support his case. Swenson's use was not under color or claim of right, but permissive only, and in subservience to the superior right and title of the railroad company. His use of the way under the track commenced on the heels of his conveyance of the land to the company, in which he covenanted that the grantee

should quietly enjoy and possess the same, and necessarily must be presumed to have been subordinate to the title and right so conveyed. He never demanded or asserted the right to so use the land, his use thereof was not hostile in its inception, and the record presents no suggestion that the conditions existing when he first commenced to use the way were subsequently in any way changed.

The law on the subject is summed up by Mr. Justice Collins in Collins v. Colleran, 86 Minn. 199, 204, 90 N. W. 364, as follows: "The true rule is thus stated in one of the leading text-books: 'The quo animo a possession is taken or held furnishes the true test of its character. The possession, to be adverse, must be shown to have been hostile in its inception, or that, having been begun in consistency with the rightful title, its character has changed; but there must be adequate cause for the change, or for imputing it. Where it commences under acknowledgment of the right owner's estate, the possession will retain its original quality through any succession of occupants of the land, and will be presumed to be in subservience to the rightful interest. The strictest proof of hostile inception of the possession is required.' Tyler, Ej. 860. 'It has been said, generally, that the grantor who continues in possession must make an "explicit disclaimer" of subserviency to the grantee; that this disclaimer must be "clear, unequivocal, and notorious"; and that his possession becomes adverse only upon a "notorious assertion of right in himself."' Horbach v. Boyd (Neb.) 89 N. W. 644, citing McCormick v. Herndon [86 Wis. 449] supra; Sherman v. Kane, 86 N. Y. 57, 68." See also Johnson v. Peterson, 90 Minn. 503, 97 N. W. 384; Cameron v. Chicago, M. & St. P. Ry. Co., 60 Minn. 100, 61 N. W. 814.

The rule stated applies to the facts here before the court, and judgment for the defendant notwithstanding the verdict was properly ordered. Cleveland v. Munsell, 192 Ill. 430, 61 N. E. 374; Chicago v. Ives, 202 Ill. 69, 66 N. E. 940. The facts all being before the court the case does not come within the rule of Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958.

Order affirmed.