## RICHARD A. BEITZ AND OTHERS v. EMMA BUENDIGER AND ANOTHER.[1]

### October 24, 1919.

### No. 21,367.

**Adverse possession must be openly hostile.**

1. Adverse possession must be openly hostile. Divesture of title by adverse possession rests upon proof or presumption of notice to the true owner of the hostile character of the possession.

**Same — possession of tenant in common presumptively not hostile.**

2. The possession of one tenant in common is presumed not to be hostile. Possession originating in a tenancy is presumably not hostile. Acts of occupation sufficient to show hostility as to strangers may not be sufficient as between near relatives. In all cases where the original occupation was permissive, the statute will not run until an adverse holding is declared and notice of such change is brought to the knowledge of the owner.

**Same — assertion of hostile title.**

3. Proof of inception of hostility must in all such cases be clear and

[1]Reported in 174 N. W. 440.

unequivocal. But it is not necessary that the assertion of title be expressly or affirmatively declared. This may be shown by circumstances.

**Same — evidence.**

4. Property in controversy consisted of a house and lot inherited by three sisters. It was exclusively occupied by one as a home for nearly 25 years. After her death her children occupied or rented it out for five years. These occupants paid the taxes for this whole period and made substantial improvements from time to time. The other sisters lived near by. They never asserted any right in the property, though not always on friendly terms. *Held*, the evidence sustains a finding of title by adverse possession.

Action in the district court for Otter Tail county to determine adverse claims to certain real estate. The case was tried before Parsons, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*George W. Frankberg*, for appellants.

*M. J. Daly*, for respondents.

HALLAM, J.

Plaintiffs claim title by adverse possession to a house and lot in Perham. Ida Beitz and defendants were sisters. Their mother, Agnes Hermann, owned the property in question. She died in 1888. Probate proceedings were soon thereafter begun, and in 1895 this property was assigned to the three sisters. Ida Beitz was married in 1889. From the time of her marriage until her death in 1913 she occupied this house as her home. Her husband died in 1907. Plaintiffs are her children. They were all born in this house and knew no other home. Since their mother's death they have occupied this house part of the time. Part of the time they have rented it out. For two or three months soon after this marriage Ida Beitz or her husband paid rent for the house. For nearly 30 years no rent was paid. During all this period the Beitz family had exclusive occupation. They paid all taxes and on two occasions the husband undertook to perfect a tax title in himself. They almost doubled the size of the house, brick-veneered it, and on one occasion reshingled it. Their possession was exclusive, continuous, open and notorious. The only question is, was it hostile? The district court answered this question in

the affirmative and gave judgment for plaintiffs. Defendants appealed.

1. Adverse possession must be openly hostile. Divestiture of title by adverse possession rests upon the proof or presumption of notice to the true owner of the hostile character of the possession. Bausman v. Kelley, 38 Minn. 197, 209, 36 N. W. 333, 8 Am. St. 661. It is for this reason that possession, in order to be adverse, must be actual and visible. Murphy v. Doyle, 37 Minn. 113, 33 N. W. 220. The character of the occupation may be sufficient to give notice of its adverse character to interested parties who are strangers, and yet not sufficient as to persons standing in more intimate relation.

2. If these parties had been strangers, no one would question that the evidence would be amply sufficient to sustain a finding that the possession was hostile. But they were owners in common. The possession of one owner in common is presumed not to be adverse or hostile. Berthold v. Fox, 13 Minn. 462 (501), 97 Am. Dec. 243. Apparently, too, the possession of the Beitz family was originally under some sort of tenancy. Possession originating in a tenancy is presumably permissive, not hostile. The interested parties were relatives also. Permissive occupation of the family estate by one of the family is so usual that acts of occupation thereof, sufficient to show hostile possession as to strangers, are not always sufficient as between near relatives. But possession may be hostile even under such a combination of circumstances. Whether it is or not is a question of proof. In all cases where the original entry or occupation was permissive, the statute will not begin to run until an adverse holding is declared, and notice of such change is brought to the knowledge of the owner, and, for this purpose, mere possession is not ordinarily enough, Cameron v. Chicago, M. & St. P. Ry. Co. 60 Minn. 100, 103, 61 N. W. 814, though after long lapse of time the court may, even in such cases, presume ouster from exclusive enjoyment. Lowry v. Tilleny, 31 Minn. 500, 503, 18 N. W. 452.

3. Proof of inception of hostility of possession must in all such cases be clear and unequivocal. Tyler, Ejectment, p. 860; Omodt v. Chicago, M. & St. P. Ry. Co. 106 Minn. 205, 118 N. W. 798. Reference is made to language found in Collins v. Colleran, 86 Minn. 199, 90 N. W. 364, reiterated in the Omodt case, that to convert permissive possession into hostile possession the occupant "must make an 'explicit disclaimer' of

subserviency * * * that this disclaimer must be 'clear, unequivocal, and notorious'; and that his possession becomes adverse only upon a 'notorious assertion of right in himself.' " But this does not mean that the assertion of adverse title must in such cases be expressly or affirmatively declared. It may be shown by circumstances. Cool v. Kelly, 78 Minn. 102, 80 N. W. 861; Kelly v. Palmer, 91 Minn. 133, 97 N. W. 578; Sawbridge v. City of Fergus Falls, 101 Minn. 378, 112 N. W. 385; Gaston v. May, 120 Minn. 154, 138 N. W. 1025.

4. While these parties were sisters, there is evidence that they were not always on friendly terms. This is significant. Tyler v. Wright, 164 Mich. 606, 130 N. W. 205. Defendants both lived near these premises, one of them across the street, but neither of them ever asserted any right in the property. One of them, Mrs. Grunert, did not appear at the trial and her testimony was not taken. She answered only by adopting the answer of her codefendant. The other defendant, Mrs. Buendiger, appeared at the trial. Her explanation of her silence was that she was willing that her sister, Mrs. Beitz, should occupy the premises as a home during her life. No explanation was offered for permitting her sister's children to remain in uninterrupted possession for the five years after their mother's death, during part of which time they rented the house to tenants. Considering these facts in connection with the long continued exclusive possession, the payment of taxes and the substantial improvements made, we think the evidence sufficient to sustain the court's finding that the possession was hostile. See Hanson v. Gallagher, 154 Iowa, 192, 134 N. W. 421; Henning v. Warner, 109 N. C. 406, 410, 14 S. E. 317.

O'Boyle v. McHugh, 66 Minn. 390, 69 N. W. 37, and Collins v. Colleran, 86 Minn. 199, 90 N. W. 364, relied upon by defendants seem to us to be distinguishable from this case. Both were cases where adverse possession was claimed by father against son. The presumption of permissive occupation is much stronger as between parent and child than between estranged sisters. Cases arising between parent and child are in a class by themselves. See 2 C. J. 157, and cases cited.

Defendant's counsel quotes also this language from Collins v. Colleran: "The doctrine is not affected by the fact that the occupant has paid all taxes, and valuable improvements, and apparently is exercising complete

dominion over the premises, for all this follows and is to be expected from the relationship." We think this refers to the "relationship" disclosed to exist between the parties to that action. Surely it was not the intent of the court to hold that the acts mentioned were not indicative of adverse character of possession, nor could it have been intended that we should deduce the inference that such acts, continued for more than 25 years, were "to be expected" from any "relationship" existing in this case. In Kelly v. Palmer, 91 Minn. 133, 97 N. W. 578, a later case, it was said that the removal of a barn, the building of a kitchen, shingling the house, building fences were acts "not the acts of a mere licensee, but of a disseisor in fact, asserting by such acts dominion over and title to the lot."

We think the evidence sustains the finding of the trial court.

Judgment affirmed.