## OTTO S. JOHNSON v. ALFRED H. RADDOHL.[1]

May 28, 1948.

No. 34,614.

*Kief & Kief,* for appellant.

*L. D. Barnard, Paul D. Stratton,* and *Robert M. Baker,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment in favor of plaintiff.

1. There being no settled case or bill of exceptions, our inquiry must be limited to a consideration of whether the findings of fact

[1]Reported in 32 N. W. (2d) 860.

sustain the conclusions of law and the judgment entered in conformity therewith. Peach v. Reed, 87 Minn. 375, 92 N. W. 229; Elton v. Northwestern Nat. L. Ins. Co. 192 Minn. 116, 255 N. W. 857; In re Estate of Miller, 196 Minn. 543, 265 N. W. 333; County of St. Louis v. Magie, 198 Minn. 127, 269 N. W. 105; 1 Dunnell, Dig. & Supp. § 344.

2. The action involves a dispute as to the boundary line between the northeast quarter of section 17, township 115, range 40, in Yellow Medicine county, owned by plaintiff, and the northwest quarter of the same section, owned by defendant.

Plaintiff has owned the northeast quarter of section 17 since 1942. Defendant has been in possession of the northwest quarter of this section, as tenant or owner, since 1920. From 1920 to 1925 defendant rented from one Knasby; from 1925 to 1930 he rented from one Paulson; in the fall of 1930 he purchased the land from the Prudential Insurance Company and turned it back to the company in 1932; from 1932 to 1940 he rented from the insurance company and again purchased it in 1940. Since that time he has owned and occupied it as owner.

Between these two quarter sections of land there existed a line of fence, grass, weeds, and a ridge of dirt during all the years from 1920 to 1944. In the fall of 1944, a line was surveyed midway between the east and west line of the section and extending through the two quarter sections here involved. The strip of grass, dirt, and fence referred to extended 50.6 feet east of this survey line at the south end of the quarters involved, and 58 feet east of the line at the north end. It is the title to this strip of land that is questioned in this action.

The trial court found that ever since 1920 defendant has been in possession and actual occupation of the northwest quarter as tenant or owner, and that during all of that time, as tenant or owner, he has *farmed* the strip of land here involved. The court specifically found that defendant and his predecessors have failed to establish claim to this strip of land by adverse possession.

It is the contention of defendant that the court's finding that defendant, as tenant or owner, has been in possession and actual occupation of the northwest quarter of the section involved, and as tenant or owner has *farmed* the strip of land here involved, compels a conclusion that defendant has acquired title to the strip by adverse possession, and that the court's finding that defendant has farmed the strip during all this time is so inconsistent with the conclusions of law that the judgment cannot stand.

Mere possession is not enough to establish title to land by adverse possession. In order to establish such title, all five elements of adverse possession must be present. The possession must be hostile to the title of the legal owner under a claim of right. It must also be actual, open, continuous, and exclusive. Romans v. Nadler, 217 Minn. 174, 14 N. W. (2d) 482; 1 Dunnell, Dig. & Supp. § 113. Failure to establish any one of the five essentials is fatal to the validity of the claim. Washburn v. Cutter, 17 Minn. 335 (361).

Where the original entry is permissive, the statute does not begin to run against the legal owner until an adverse holding is declared and notice of such change is brought to the knowledge of the owner. Cameron v. C. M. & St. P. Ry. Co. 60 Minn. 100, 103, 61 N. W. 814, 816.

While it is true that assertion of adverse title need not be always expressly or affirmatively declared, but may be shown by circumstances, Cool v. Kelly, 78 Minn. 102, 80 N. W. 861; Beitz v. Buendiger, 144 Minn. 52, 174 N. W. 440, proof of inception of hostility must in all cases be clear and unequivocal. Omodt v. C. M. & St. P. Ry. Co. 106 Minn. 205, 118 N. W. 798.

3. The findings being conclusive in the absence of a settled case or bill of exceptions, we cannot infer from the mere fact that defendant has farmed the land in question that he has done so under a claim of right hostile to the true owner. For all that appears in the record, the occupancy may have been permissive on the part of the legal owner. Consequently, the judgment must be affirmed.

Affirmed.