## M. J. BURNS v. LORENCE PLACHECKI AND OTHERS. DELANO GRANITE, INC., AND OTHERS, APPELLANTS.

223 N. W. 2d 133.

October 25, 1974—No. 44006.

*Murphy & Hoolihan* and *Thomas J. Murphy,* for appellants.
*Michael H. Donohue* and *Richard Rawlings,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

Plaintiff commenced this action to determine adverse claims pursuant to Minn. St. c. 559. Defendant Delano Granite, Inc., the only answering defendant claiming any adverse rights, asserted easement rights in plaintiff's land appurtenant to an adjacent tract of land owned by Delano. Delano and other defendants who had joined in its answer appeal from a judgment that plaintiff is owner in fee of the described real estate and that Delano has no easement therein. We affirm.

The tract of land which is the subject of this action[1] was acquired in 1916 by one Lorence Plachecki as a home and farm. At that time a quarry was being operated on the adjacent land

---

[1] The real estate in which plaintiff claims absolute ownership in fee, and in which defendant asserts easement rights, is described as follows: "Fractional 61.98 acres of the South Half of the Southwest Quarter of the Northeast Quarter (S 1/2 SW 1/4 NE 1/4) and the West Half of the Southeast Quarter (W 1/2 SE 1/4) lying south and east of Trunk Highway No. 15, all being in Section twenty-one (21), Township One Hundred twenty-four (124), Range twenty-eight (28), known as Plate No. 10302 in the offices of the Auditor and Treasurer for Stearns County, Minnesota."

by one of defendant's predecessors in title, which operation involved the pumping of water onto the Plachecki farm. The record does not clearly establish how long the quarry had been operating prior to 1916, nor whether the quarrying continued between 1916 and 1924, the year the land with the quarry was purchased by five sons of Lorence Plachecki. One of those sons, Frank Plachecki, testified in this action that the quarry was not in operation when the land was purchased by him and his brothers. The Plachecki brothers operated the quarry from 1924 to 1952, during which time water was again pumped out and allowed to flow onto the adjacent Plachecki farm. Frank testified that his father's express permission for this flowage was not sought because "[t]here was no need of it. He was happy that we were in business."

Following Lorence Plachecki's death in 1945, the Plachecki farm was conveyed to a third party[2] and in 1952 was acquired by plaintiff. Delano purchased the adjacent quarry from the Plachecki brothers in 1953. The quarry was inactive from 1953 to 1961 but has been in operation each quarrying season since, with water once again being pumped onto the adjacent farm.

Delano contends on this appeal that it holds a prescriptive easement to discharge water from its quarry onto and across plaintiff's adjacent land. Delano argues that the facts give rise to a presumption that the original user was adverse and under a claim of right and that the sons' user beginning in 1924 can be tacked to the original user to reach the 15-year prescriptive period. For the purpose of tacking, Delano contends, the sons' user was adverse because the adverse character of the original user is presumed to continue until unequivocally changed.

---

[2] Shortly after this sale an instrument purporting to be an "easement" was executed and recorded by Frank Plachecki, as administrator of his father's estate, and by the Plachecki brothers as owners of the quarry. Delano, conceding its nullity, does not rely on this instrument for the source of its easement.

Plaintiff argues that there is no evidence to establish the adverse character of the original user. Moreover, the Plachecki sons' user was with their father's permission and hence cannot give rise to a prescriptive right. This permission, contends plaintiff, can be concluded from Frank Plachecki's testimony, or can be presumed from the close family relationship between the owners of the two estates.

The principal issues are: (1) Whether the evidence compels a finding, either directly or by presumption, that the user originated adversely, and, if so, (2) whether the adverse character of the original user persists when the titles to the servient and dominant estates pass to respective members of one family. We hold that the evidence reasonably sustains a finding that the original user was not adverse. Since this holding disposes of the first issue in the negative, we need not discuss the second.

■ The rules of adverse user that apply in cases of title by adverse possession also apply, with exceptions not relevant here, in cases of easements by prescription. Romans v. Nadler, 217 Minn. 174, 14 N. W. 2d 482 (1944). The essentials of a user as a basis for a prescriptive easement are that it be hostile, or adverse, and under a claim of right, and that it be actual, open, continuous, and exclusive.

■ Delano correctly states the rule that a user will be presumed to be under a claim of right and adverse[3] if a claimant has shown the user to have been open, visible, continuous, and unmolested for the required period of 15 years, inconsistent with the rights of the owner of the servient estate and under circumstances from which the owner's knowledge and acquiescence may be inferred. Lustmann v. Lustmann, 204 Minn. 228, 283 N. W. 387 (1939). But since the record fails to disclose how long the quarry had been in operation prior to its acquisition by the Plachecki brothers in 1924, Delano must tack to this prior user the subsequent user by the brothers in order to establish the 15-year period required to raise this presumption of adverseness.

---

[3] The other four essentials are not in issue.

However, the brothers' user must itself be adverse to permit a proper tacking of that user. Delano concedes that there is at least an inference, if not a presumption, that possession or user is permissive where the owners of the two estates have a close family relationship. Lustmann v. Lustmann, *supra*. We agree with this concession.

Delano goes on to contend that this presumption is inoperative where the user was initially hostile. However, this reasoning fails for circularity: To establish the presumption of hostile or adverse user, Delano must tack the second user; but the prerequisite hostility of the second user is predicated on a continuation of the hostile character of the first, that which defendant is attempting to prove.

Without the aid of this presumption, the adverse character of the original user remains an issue of fact, and the burden to prove the allegation of adverseness by a preponderance of the evidence remains on the party claiming the easement. Alstad v. Boyer, 228 Minn. 307, 37 N. W. 2d 372 (1949) ; Annotation, 170 A. L. R. 776.

The character of proof required to establish adverseness was discussed in Omodt v. Chicago, M. & St. P. Ry. Co. 106 Minn. 205, 118 N. W. 798 (1908). In that case, the claimant and his predecessors in title made use, for more than 15 years, of a path across a railroad right-of-way dividing claimant's farm. In affirming the trial court's judgment that no prescriptive easement was established, this court stated: "The strictest proof of hostile inception of the possession is required." 106 Minn. 207, 118 N. W. 799. The claimant, observed the court, had never demanded or asserted the right to so use the land. In Johnson v. Raddohl, 226 Minn. 343, 32 N. W. 2d 860 (1948), the trial court denied a claim of title by adverse possession even though the claimant had actually farmed the strip of land in dispute. In affirming, this court again emphasized the need for clear and unequivocal proof of inception of hostility. For all that appeared in the record, this court said the occupancy may have been permissive.

The record in the instant case likewise fails to compel a finding that the user was hostile in its inception. The evidence reasonably sustains the trial court's finding that defendant has no easement in plaintiff's tract of land.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.