## ELMER KRINKE AND ANOTHER v. RAY W. FARICY AND OTHERS.

231 N. W. 2d 491.

July 3, 1975—No. 45227

*Fallon, Faricy, Green, Battis & Wolf* and *Timothy W. J. Dunn,* for appellants.

*Flanagan, Belmont & Moore* and *John J. Belmont,* for respondents.

Heard before Rogosheske, Todd, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Plaintiffs were granted a right-of-way easement over a portion of defendants' land, thereby providing plaintiffs with access to their driveway and garage. Defendants appeal from the order denying their motion for a new trial. We affirm.

Plaintiffs have been purchasing the property located at 883 Raymond Avenue, St. Paul, under contract for deed from Robert W. and Evelynne E. Noll dated April 27, 1962. Mr. Noll owned the house from 1946 until 1962. Defendants Mr. and Mrs. George Bever have been purchasing the property located at 875 Raymond Avenue, St. Paul, under contract for deed from defendant Ray W. Faricy and his wife, since May 1966. Mr. Faricy has owned the property since 1959 but has never occupied it.

The instant case is the culmination of a dispute between the Krinkes and the Bevers over use of a driveway located between their adjacent properties. The driveway leads from Raymond Avenue to a garage situated on plaintiffs' property and is composed of dirt, clay, gravel, and crushed rock. Defendants do not have a garage, although the driveway has been used by them and by their predecessors in interest as access for parking their car in their yard. The driveway lies almost totally within plaintiffs' property. However, as a result of the irregular shape of some of the lots along Raymond Avenue, a corner of defendants' lot bisects the driveway. Thus, the driveway begins on plaintiffs' land, passes over the corner of defendants' land, and continues on plaintiffs' land.

The Krinkes and Bevers jointly used the driveway on an amicable basis from 1967 until July 1971. In July 1971, as a result of an allegation by Bever that the Krinkes had struck his car, Bever erected two metal poles on the corner of his property and fenced off that portion of the driveway located on his land, thereby preventing plaintiffs from utilizing the driveway or garage.

After settlement of the dispute proved unavailing, plaintiffs brought this action.

On appeal, the only issue is whether the trial court erred in finding the presence of the necessary elements for a prescriptive easement, namely, the actual, open, continuous, and exclusive use, under claim of right, and hostile or adverse. Burns v. Plachecki, 301 Minn. 445, 223 N. W. 2d 133 (1974). Specifically, defendants challenge the finding that the use was under claim of right and hostile. They assert that the use was permissive in its inception and that no subsequent affirmative hostile act occurred. However, as this court stated in Dozier v. Krmpotich, 227 Minn. 503, 507, 35 N. W. 2d 696, 699 (1949):

"* * * Where the claimant of an easement by prescription has shown open, visible, continuous, and unmolested use for the statutory period, inconsistent with the rights of the owner of the servient estate and under circumstances from which his knowledge and acquiescence may be inferred, *the use will be presumed to be under claim of right and adverse,* so as to place on the owner of the servient estate the burden of rebutting the presumption by evidence that the use was permissive." (Italics supplied.)

The trial court's finding that the knowledge and acquiescence of the owner of the servient estate could be inferred from the circumstances of the use is amply supported by the evidence. This places the burden of showing that the use was permissive on the owner of the servient estate. We must agree with the trial court that defendants failed to sustain this burden of persuasion.

Affirmed.