Dorothy C. **BOLDT**, Appellant,

v.

Kenneth W. **ROTH**, et al., **Respondents.**

No. C4–99–953.

Court of Appeals of Minnesota.

Jan. 11, 2000.

Review Granted March 14, 2000.

Clinton McLagan, McLagan & Lerman, P.A., Mendota Heights, MN; and Steven R. Qualley, Gammello & Sandelin, P.A., Pequot Lakes, MN (for appellant).

Charles E. Barnum, III, Crosby, MN (for respondents).

Considered and decided by SHORT, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

WILLIS, Judge.

Appellant Dorothy Boldt claimed a prescriptive easement over respondents' property (the Roth property). Beginning in 1966, Boldt used for access to her property a circular driveway constructed in part on the Roth property. The case was tried on stipulated facts. The district court denied Boldt's claim of a prescriptive easement, relying on "the inference, if not the presumption" that the use was permissive at its inception because the Roth property was owned at that time by a member of Boldt's family and concluding that Boldt had failed to prove that her use of the property was hostile or adverse for the 15–year period necessary to acquire prescriptive rights. We affirm.

## FACTS

In 1966, Boldt's mother-in-law conveyed a portion of her land to Boldt and her husband. That same year, Boldt and her husband constructed a house and part of a circular driveway. The driveway was completed in 1976.

Boldt's mother-in-law sold the remainder of her land to a third party in 1979. The property was then resold, and the Roths purchased it in 1990.

Following a dispute with the Roths over the boundary line during the summer of 1997, Boldt had her property surveyed. The survey showed that most of the circular driveway was on the Roth property, and Boldt commenced this action.

## ISSUE

Did the district court err in finding the evidence insufficient to establish Boldt's claim of a prescriptive easement over the Roth property?

## ANALYSIS

 Where a case is decided on stipulated facts, the only issue on appeal is whether the district court erred in its application of the law. *Reads Landing Campers Ass'n v. Township of Pepin,* 546 N.W.2d 10, 13 (Minn.1996). The application of the law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Commissioner of Revenue,* 488 N.W.2d 254, 257 (Minn.1992). This court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

 To establish an easement by prescription, a claimant must prove hostile, actual, open, continuous, and exclusive use for a period of at least 15 years. *McCuen v. McCarvel,* 263 N.W.2d 64, 65 (Minn. 1978); *see Romans v. Nadler,* 217 Minn. 174, 177, 14 N.W.2d 482, 485 (1944) (applying requirements for proving adverse possession to prescriptive easements). And a claimant must establish the elements of a prescriptive easement by clear and convincing evidence. *Rogers v. Moore,* 603 N.W.2d 650, 657 (Minn.1999). Generally, use of land is presumed to be adverse or hostile when the claimant shows open, visible, continuous, and unmolested use that is inconsistent with the owner's rights, "under circumstances from which the owner's knowledge and acquiescence may be inferred." *Burns v. Plachecki,* 301 Minn. 445, 448, 223 N.W.2d 133, 135–36 (1974).

 Because Boldt and her husband, when they built the driveway, were the daughter-in-law and son of the owner of what is now the Roth property, there is an inference, if not a presumption, that their use of Boldt's mother-in-law's land was permissive.

The general rule of law is that "the existence of a close family relationship between the claimant of land and the record owner * * * create[s] the infer-

ence, if not the presumption, that the original possession by the claimant of the other's land was permissive and not adverse * * * ." *Wojahn v. Johnson*, 297 N.W.2d 298, 306 (Minn.1980) (quoting *Norgong v. Whitehead*, 225 Minn. 379, 383, 31 N.W.2d 267, 269 (1948)).

Where a use is originally permissive, it is "presumed to continue as permissive, rather than hostile, until the contrary [is] affirmatively shown." *Norgong*, 225 Minn. at 383, 31 N.W.2d at 269. The use "must become adverse to the knowledge of the owner of the servient estate before any prescriptive rights can arise." *Dozier v. Krmpotich*, 227 Minn. 503, 507, 35 N.W.2d 696, 699 (1949); *see also Johnson v. Hegland*, 175 Minn. 592, 595, 222 N.W. 272, 273 (1928) (stating that use, permissive at inception, cannot become adverse until owner of servient estate has knowledge of hostile intent); *Cameron v. Chicago, Milwaukee & St. Paul Ry. Co.*, 60 Minn. 100, 103, 61 N.W. 814, 816 (1895) (concluding that where original use is permissive, 15–year prescriptive period does not begin to run against legal owner until adverse intent is declared and owner has notice of such change). Therefore, to support her claim of a prescriptive easement, Boldt was required to present to the court "clear and unequivocal proof of inception of hostility." *Burns*, 301 Minn. at 449, 223 N.W.2d at 136 (discussing *Johnson v. Raddohl*, 226 Minn. 343, 32 N.W.2d 860 (1948)).

Boldt argues that her continued use of the circular driveway after the underlying land was purchased by non-family members in 1979 provides clear and unequivocal proof of hostility. She contends that none of the owners of the Roth property gave her actual permission to continue using the driveway; rather they acquiesced in her use. But there can be no acquiescence without knowledge of the rights being surrendered. *See Romans*, 217 Minn. at 181, 14 N.W.2d at 486 (stating that trespasser under claim of right should be required to "run up his flag of hostile claim" to warn owner "that, if he acquiesces, adverse rights will be established against him").

The parties stipulated that Boldt believed the driveway encroached on the Roth property, but the record contains no evidence that she notified the Roths or their predecessors in title of her belief and of her intent nevertheless to continue using the driveway. The parties also stipulated that the Roths believed the driveway was entirely on Boldt's side of the boundary line, which indicates that they had no knowledge of her hostile or adverse use of their property. Without knowledge of Boldt's adverse use, the Roths could not acquiesce in her continued use. Therefore, the record supports the district court's conclusion that Boldt did not acquire a prescriptive easement over the portion of the Roth property on which the driveway is located.

## DECISION

The district court did not err in concluding that Boldt failed to prove that her use became hostile or adverse to the knowledge of the servient owners for the 15–year period necessary to acquire a prescriptive easement.

**Affirmed.**