THEODORE E. PARKER *vs.* CITY OF ST. PAUL.

November 10, 1891.

City— Easement for Street or Levee — Non-User — Abandonment.—
Where a city has acquired, by purchase or dedication, an easement in
land for the purposes of a public street or levee, mere non-user for any
length of time will not operate as an abandonment; at least until the
time arrives when the street or levee is required for actual public use,
and when the municipal authorities may be properly called upon to open
or prepare it for such use.

Same—Misuser.—Neither will a misuser by the municipal authorities con-
stitute an abandonment.

Ejectment, brought in the district court for Ramsey county, for lots
in the city of St. Paul.   Defence, title under a warranty deed of the
lots from plaintiff and his wife, executed September 13, 1884, con-
veying the lots to defendant, the deed stating, after the granting
clause, that it "is made only for a perpetual easement for the pur-
pose of a public street or levee over and upon the above described
property as condemned by the board of public works of the city of
St. Paul for such street or levee along the bank of the Mississippi
river in the Sixth ward of the city of St. Paul, and by the said board
of public works confirmed on the 28th day of July, 1882."   In his
reply the plaintiff alleged *in extenso* the proceedings in a "pretended
condemnation" of the lots in 1881 and 1882, for a public street or
levee, under Sp. Laws 1881, *c.* 120, and that at the time of the
conveyance he supposed that the city had acquired an easement by
such proceedings, and therefore, for the consideration expressed in
the deed, conveyed the easement.   He alleges that the condemna-
tion proceedings were wholly void, and also that defendant has
abandoned the project of the street or levee, has never built or opened
it, and does not intend to do either.   He also alleges that about
May 1, 1889, the defendant, without his consent, inclosed all the
lots in controversy with a good and substantial fence, and built two
substantial and permanent dwelling-houses, and has since main-
tained them, on the property, and that this is, and was by defend-

ant when doing it known to be, wholly distructive of any easement the defendant may have acquired by the condemnation proceedings and by the deed. A motion for judgment on the pleadings was made by defendant, and granted by *Brill*, J. The plaintiff appeals from the judgment.

*P. M. Qvist,* for appellant.

*Daniel W. Lawler* and *Hermon W. Phillips,* for respondent.

MITCHELL, J.[1] The condemnation proceedings instituted by the defendant under the provisions of chapter 120, Sp. Laws 1881, cut no figure in this case, and it is wholly immaterial whether they were valid or void, as the city rests its right to the possession of the premises in controversy exclusively upon the deed from plaintiff set out in the answer, the execution of which is admitted in the reply. Neither is it necessary to consider whether that deed conveyed the title in fee, or, as claimed by plaintiff, only an easement for the purposes of a street or levee; for, conceding the city's right to be only the latter, it would constitute a complete defence to plaintiff's action, (which is the ordinary action of ejectment,) unless that right has been extinguished. The only claim to that effect in the reply is that this easement has been lost by abandonment, and the only facts alleged as constituting such abandonment are two,—one of non-user, and the other of misuser; the first, being the bare fact that no street or levee has ever been constructed, opened, or used over and across the premises; and the second, that in 1889 the city fenced the premises with a substantial and permanent fence, and erected thereon two dwelling-houses, which it still maintains, which was done for a purpose entirely foreign to the purposes for which the deed was given.

It is not necessary here to determine whether the public rights in land dedicated or purchased for street or other similar purposes can ever, under any circumstances, be lost by mere non-user. It may be said, however, that there is a valid reason for a distinction in this regard between public and private rights. The rights of the public are seldom guarded with the degree of care with which owners of private property guard their rights, and, consequently, acts or

[1] Gilfillan, C. J., took no part in this case.

omissions which might weigh heavily against private persons cannot always be given the same force against the public. Moreover, streets, levees, and the like are often laid out on land acquired for or dedicated to such purposes with reference to future as well as present requirements, and therefore it is not legitimate to assume that the property has been abandoned merely because it has not yet been used by the public. It may also be safely laid down as sound, both upon reason and upon considerations of public policy, that until the time arrives when a street, levee, or the like is required for actual public use, and when the public authorities may be properly called upon to open or prepare it for such use, no mere non-user for any length of time, however great, will operate as an abandonment. Conceding, for the sake of argument, that, after such time has arrived, unreasonable delay in preparing it for and putting it to public use may work an abandonment by non-user, yet no such state of facts is alleged in the reply. All that is alleged is that no street or levee had then (a little over six years after the land was acquired) been constructed, opened, or used. This is wholly insufficient, under any view of the case, to constitute an abandonment. See *Reilly* v. *City of Racine*, 51 Wis. 526, (8 N. W. Rep. 417;) *Curran* v. *City of Louisville*, 83 Ky. 628.

The only effect which plaintiff claims for the alleged acts of misuser is that they constitute an abandonment, whereby the public easement has been lost or extinguished; hence we are not called upon to determine what remedies he might have in an appropriate action in case the alleged acts constitute a misuser, or whether in such a case he might treat the city as a disseisor, and bring his action to recover the land subject to the lawful rights of the city for street or levee purposes. That is not what he asks for. He proceeds upon the theory that the public easements have been entirely extinguished by abandonment, and therefore that he owns the property absolutely, discharged from all such easements, and is entitled to recover the exclusive possession and control of it as of his former right. Therefore all we need say on this branch of the case is that a misuse, however great the perversion, is not an abandonment, and would not destroy the public easement. The construction of these dwellings

would at most be a mere nuisance or encroachment upon the public easement, which does not destroy it or defeat its exercise. If such acts of misuse by municipal authorities were held to amount to an abandonment of public easements, and to work their destruction, these rights would be held by a very uncertain tenure. See *Sprague* v. *Waite*, 17 Pick. 309, 319; *Proprietors, etc.*, v. *Nashua & Lowell R. Co.* 104 Mass. 1.

Judgment affirmed.