Thomas R. LINDQUIST, et al., Appellants,

v.

Donald E. WEBER, et al., Respondents.

No. C3-86-1978.

Court of Appeals of Minnesota.

May 5, 1987.

Review Denied June 26, 1987.

Marcus M. Baukol II, Willenbring, Lick-teig & Dahl, Cold Spring, for appellants.

Robert D. Stoneburner, Stoneburner Law Office, Paynesville, for respondents.

Considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Thomas and Kathryn Lindquist appeal from an amended judgment granting respondents Donald and Sharon Weber a prescriptive easement over their land. At issue is an access route used by respondents and their predecessors as a means of ingress to and egress from their cabin. Appellants claim that the trial court erred as a matter of law in concluding that usage of the access road was hostile for the required statutory period when portions of the access road crossed over a roadway dedicated to the public. We affirm.

## FACTS

Appellants are legal owners of property in Stearns County (Lot 12); respondents are legal owners of adjoining property (Lot 3). In 1895, Noel Avenue, which traverses east and west across the northern 60 feet of appellants' property, was dedicated to the public as part of the original platting of Koronis Park. In February 1982, Noel Avenue was vacated by township resolution. A formal order for vacation of Noel Avenue was recorded on December 4, 1985. From the time of its dedication in 1895 to its vacation in 1982, Noel Avenue remained undeveloped.

Appellants reside in Koronis Lodge, a hotel situated on Lot 12. Respondents reside in a cabin on Lot 3. Appellants acquired the property in 1979 from a couple who had owned the Koronis Lodge since 1959. Respondents' property was acquired in 1984 on a contract for deed from people who had owned the property since 1967.

These properties were included within the original plat of Koronis Park in 1895. Although boundary lines were revised in 1982 and in 1983, neither of these revisions brought about any adjustment in the location of the access road at issue. In May 1985, appellants installed posts and a locking chain across the access route and proposed that respondents use a key. Respondents apparently rejected this proposal, removed the post and chains and continued to use the access route.

In response to evidence at trial that a prescriptive easement had been established, appellants sought to prove that use of the access route prior to 1982 was not hostile since it fell wholly within the boundaries of dedicated Noel Avenue. The trial court disagreed, stating:

> While portions of the subject access road may run within the boundaries of dedicated and undeveloped Noel Avenue, now vacated, this allegation has not been proven. Even if proven, this fact would not defeat the prescriptive rights claimed by [respondents] in the access road.

In entering judgment for respondents, the trial court found that "the combined adverse user of the subject access road by [respondents] and their predecessors in interest * * * spans a period of no less than eighteen (18) years, running from 1967 through the present." In denying appellants' motion for amended findings, the trial court stated:

> In the present case the right of [respondents] to cross the land owned by [appellants] is clearly established by the testimony. The majority of the drive used by [respondents] is across [appellants'] land and only a small portion is across the vacated roadway. *It appears highly inequitable to deny [respondents] the continued use because of the*

vacation of what was a former road-way. If [appellants] had owned all of the land in question during all of the time under consideration, there would be no question about [respondents'] rights. It is not reasonable to deprive [respondents] of their prescriptive rights because of the vacation.

(Emphasis supplied.)

On September 23, 1986, the prior judgment was amended to reflect a finding that "[p]ortions of the subject access road used by [respondents] * * * and their predecessors in interest, do lie within the boundaries of dedicated Noel Avenue."

### ISSUE

Did the trial court err in concluding that respondents had established a prescriptive easement over appellants' land?

### ANALYSIS

Appellants do not contest the trial court's findings. The sole issue on appeal is whether the trial court erred in its legal conclusions, a matter for de novo review by this court. *See Bohm v. Independent School District No. 283*, 358 N.W.2d 146, 148 (Minn.Ct.App.1984).

Although inherent differences exist between easements and titles to land, rules pertaining to adverse possession are analogous to cases involving easements by prescription. *Dozier v. Krmpotich*, 227 Minn. 503, 507, 35 N.W.2d 696, 698–99 (1949). Pursuant to Minn.Stat. § 541.02 (1984), a party must prove use for a prescriptive period of 15 years and must further prove that the use was open, continuous, actual, hostile and exclusive. *McCuen v. McCarvel*, 263 N.W.2d 64, 65 (Minn.1978).

The focal issue in this case is whether use of the access route was hostile. Relevant to this analysis is Minn.Stat. § 541.01 (1984), which provides in part that in actions involving real estate, "no occupant of a public way, levee, square or other ground *dedicated or appropriated to public use shall acquire, by reason of his occupancy, any title thereto.*" *Id.* (emphasis supplied). Appellants contend that section 541.01 operates to defeat an otherwise val-

id prescriptive easement since it is undisputed that a portion of the access route crosses over Noel Avenue. Therefore, use of the access route could not be considered hostile until 1982. The trial court disagreed:

Minn.Stat. 541.01 is not controlling under the specific facts and circumstances of this case, as [respondents] do not claim to have acquired "title" by reason of "occupancy" but rather have established a prescriptive right of "use" for a term exceeding the fifteen (15) year requirement of Minn.Stat. 541.02.

Appellants argue that this distinction is erroneous under *McCuen*, where the claimants had sued adjoining landowners for wrongfully obstructing drainage surface waters to their land by filling in a ditch that ran along a vacated township road. The supreme court rejected the claimants' contention that they had acquired a prescriptive easement over the area on defendants' land formerly occupied by the ditch.

The supreme court first reasoned that the claimants presented no evidence to establish that the ditch was a natural depression prior to the town's construction of the road. Thus, their predecessors in title could not have acquired any prescriptive rights before the road was constructed and the town itself acquired an easement for road purposes.

The court next noted that the claimants presented no evidence that their use of the ditch for drainage purposes was hostile to the *town's rights*, "but even if it were, they could not acquire an interest adverse to the public's rights prior to vacation of the town road." *Id.* at 66.

The court finally noted that no evidence was presented to establish that the use of the ditch during existence of the town's easement was hostile to the adjoining landowners' interest in their property.

Rather, the user *was a consequence solely of the easement* and was in no way inconsistent with [the adjoining landowners'] rights as owners of the servient estate. *Upon vacation of the road, the town's easement was extinguished and*

*the land occupied by the road reverted to the fee owners. \* \* \* Termination of the town's easement therefore terminated [claimants'] right to use the ditch for drainage of surface waters.*

*Id.* (citation omitted) (emphasis supplied). Appellants argue that like the adjoining landowners in *McCuen,* their fee interest reverted back only upon vacation of the roadway and that prior to that time they lacked the authority to preclude travel by the public.

Respondents argue that *McCuen* is distinguishable since their claim does not derive solely as a consequence of a roadway dedicated to the public. They assert, and the trial court agreed, that the vast majority of the access route crosses appellants' property and that either appellants or their predecessors could have taken steps to prohibit or limit this use, but chose not to do so. We agree.

Only a small portion (60 feet) of the access route crosses over Noel Avenue. The remainder of the access route lies exclusively within the boundaries of appellants' property. Although appellants acquired the property in 1979, they took no action whatever to limit or prohibit respondents' access until 1985, three years after Noel Avenue was vacated. Mindful that the proceeding to acquire prescriptive rights to land is equitable in nature, we agree with the trial court that it would be highly inequitable to deny respondents' claim under the facts of this case.

## DECISION

Affirmed.