**Calvin A. HEUER, et al., Appellants,**

v.

**COUNTY OF AITKIN, A Governmental Subdivision, Respondent.**

No. C0–01–2121.

Court of Appeals of Minnesota.

June 25, 2002.

Jeffrey J. Haberkorn, Haberkorn Law Offices, Aitkin, MN, for appellants.

Bradley C. Rhodes, Aitkin County Attorney, James P. Ratz, Assistant Aitkin County Attorney, Courthouse West Annex, Aitkin, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, STONEBURNER, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

On appeal from summary judgment involving an attempt to establish a prescriptive easement over what are now public lands, appellants allege that (a) the district court erred in applying the statute of limitations in Minn.Stat. § 541.01 (2000) because the statute does not apply to prescriptive easements; (b) even if the statute does apply to such easements, the county did not become the owner of the land in question until after the prescriptive easement had already been established; and (c) equity precludes application of the statute in this case. During the pendency of this appeal, appellants moved to strike an affidavit and its attachments and an unpublished case from the appendix to respondent's brief, and requested an award of attorney fees. Because the district court's interpretation of Minn.Stat. § 541.01 comports with legislative intent and sound public policy, we affirm on that issue. Because it is not necessary for the land burdened by an easement to be contiguous to the land benefited, we reverse and remand for a factual determination of whether a prescriptive easement had been established over two of the subject parcels at the time respondent purchased the land.

We deny appellants' motion to strike, and the request for attorney fees.

## FACTS

In September 1976, appellants Calvin A. Heuer and Eleanor Heuer purchased lakeshore property in Aitkin County from Catherine Richards. The property had first been subdivided from the remainder of a government lot in December 1924, and was conveyed several times thereafter. Catherine Richards and her husband became owners of the property in 1957. Shortly afterward, a cabin was built on the land.

At the time appellants purchased the property in 1976, a small road leading to their land ran across four, 40-acre parcels.[1] These four parcels were acquired by respondent Aitkin County in 1937, 1952, 1972, and 1994, respectively.

At the time this action commenced, the road in question provided access to appellants' property from the west across respondent's four parcels of land. It is undisputed that the road existed before Catherine Richards acquired the property in 1957. She used the road throughout the year, repairing and maintaining it. Appellants have also used the road regularly to gain access to their cabin in all seasons of the year.[2] They have maintained it by graveling, draining, and cutting brush to make it passable.

Appellants brought this action seeking a declaratory judgment establishing a prescriptive easement for the road. The district court granted summary judgment for the county, holding that Minn.Stat.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Both parties use the term "road" in this appeal. The road, which is not described with particularity in the record, is apparently a small trail providing access to appellants' property from the west.

2. For the first time on appeal, appellants claim that this road provides the sole access to their property.

§ 541.01 (2000), which prohibits the acquisition of title to public lands by adverse possession, applied equally to the establishment of prescriptive easements. The court noted that no evidence had been presented indicating that the proposed easement crossed anything other than a substantial amount of public land, and that the county had owned the majority of the land in question at all times relevant to the complaint.

This appeal followed.

## ISSUES

1. Did the district court err in holding that Minn.Stat. § 541.01 (2000) applies to an action seeking to establish a prescriptive easement over public land?

2. Does an issue of material fact exist as to whether appellants have established the requisite 15–year period of cumulative use so as to establish a prescriptive easement over any of the four parcels of property?

## ANALYSIS

On appeal from summary judgment, this court asks, first, whether there exist any genuine issues of material fact and, second, whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn.1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). A reviewing court need not, however, defer to a trial court's decision on a pure question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Statutory construction is a legal question, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 394 (Minn.1998).

## I.

Minn.Stat. § 541.01 (2000) provides, in part:

Actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues * * *.

Such limitation shall apply to actions by or in behalf of the state and the several political subdivisions thereof; provided that no occupant of a public way, levee, square, or other ground dedicated or appropriated to public use shall acquire, by reason of occupancy, any title thereto.

Appellants argue that Minn.Stat. § 541.01 addresses adverse possession, not prescriptive easements, and therefore does not preclude them from establishing a prescriptive easement over respondent's land. Respondent, to the contrary, urges that by analogy the rules applicable to adverse possession should also apply to prescriptive easements.

In determining which of the parties' positions is the more persuasive, a review of the history of Minn.Stat. § 541.01 is informative. Prior to 1899, when the statute of limitations was held to operate against actions brought by the state, private entities, often railroads, were able to assert actions for adverse possession against the state or a municipal body. *See, e.g., Village of Wayzata v. Great N. Ry. Co.*, 50 Minn. 438, 443–44, 52 N.W. 913, 914 (1892) (occupancy of railroad buildings resting on part of public highway may ripen into adverse possession). But the rule allowing adverse possession to be established against public property was

cautiously applied, and it was held that the statute did not begin to run as to public streets, ways, levees, and grounds until they were required for actual public use.

*Murtaugh v. Chicago, Milwaukee & St. Paul. Ry. Co.*, 102 Minn. 52, 54, 112 N.W. 860, 861 (1907) (citing *Parker v. City of St. Paul*, 47 Minn. 317, 50 N.W. 247 (1891)) (other citations omitted). In *Parker*, the Minnesota Supreme Court held that mere non-use for any length of time would not constitute an abandonment of a city's easement in land for a public street or levee at least until the street or levee is needed for actual public use. 47 Minn. at 319, 50 N.W. at 248. In writing for the court, Justice Mitchell commented:

> It may be said * * * that there is a valid reason for a distinction in this regard between public and private rights. The rights of the public are seldom guarded with the degree of care with which owners of private property guard their rights, and, consequently, acts or omissions which might weigh heavily against private persons cannot always be given the same force against the public.

*Id.* at 318–319, 50 N.W. at 247–48.

The prohibition against acquiring title to public land by adverse possession was added to the Minnesota statutes by 1899 Minn. Laws ch. 65. *Murtaugh*, 102 Minn. at 54, 112 N.W. at 861. Given the common law history, it may be inferred that the 1899 statutory amendment reflected the object, already recognized at common law, of preserving, where possible, state and municipal rights in land dedicated to public use. Caselaw following the 1899 amend-

ment reiterated this concern by holding that adverse possession was not available to obtain land held in several different public capacities. *See, e.g., State ex rel. Anderson v. Dist. Court of Kandiyohi County*, 119 Minn. 132, 136, 137 N.W. 298, 300 (1912) (land within high water mark of navigable lake cannot be acquired by adverse possession); *Murtaugh*, 102 Minn. at 55, 112 N.W. at 862 (legislature did not intend to provide for acquisition of title to school lands by adverse possession).

The question we must answer is whether a distinction can be validly drawn between the statute's applicability to adverse possession claims and its application to claims of prescriptive easement. We see no valid reason to create such a distinction. Although inherent differences exist between easements and title to land,[3] Minnesota caselaw has recognized the strong similarities between the two. Rules pertaining to adverse possession are analogous to those governing easements by prescription. *Dozier v. Krmpotich*, 227 Minn. 503, 507–08, 35 N.W.2d 696, 698–99 (1949). Justice Mitchell's observation in *Parker* that the public is less vigilant than private citizens about protecting its property rights against adverse possession, applies with equal vigor, we conclude, to a possible action for prescriptive easement. Therefore, the same public policy considerations that operate to preclude acquiring title to public land by adverse possession support the inference that the legislature intended Minn.Stat. § 541.01 to operate as well to prohibit the acquisition of a prescriptive easement in public land.

Minnesota caselaw is consistent with our conclusion that the statute prohibits estab-

---

**3.** Adverse possession of real property ripens into title when it continues for the requisite statutory period. *Romans v. Nadler*, 217 Minn. 174, 177, 14 N.W.2d 482, 485 (1944). A prescriptive easement, however, grants only a right to use property and does not carry with it title or a right of possession in the land. *Rogers v. Moore*, 603 N.W.2d 650, 656 (Minn.1999).

lishment of a prescriptive easement in land dedicated to public use. In *McCuen v. McCarvel*, 263 N.W.2d 64 (Minn.1978), this court rejected a contention that claimants had acquired a prescriptive easement over an area of the defendants' land formerly occupied by a public ditch. In holding that the claimants' right to use the ditch was extinguished with the vacation of a town road, this court commented:

> Plaintiffs presented no evidence to show that their user of the ditch for drainage was hostile to the town's rights, but even if it were, they could not acquire an interest adverse to the public's rights prior to vacation of the town road. *Cf.* Minn. St. 541.01, which provides that no occupant of a public way or other ground dedicated or appropriated to public use can acquire a title thereto by adverse possession.

*Id.* at 66 (citations omitted).[4]

Appellants argue that language used by the Minnesota Supreme Court in *Rogers v. Moore*, 603 N.W.2d 650 (Minn.1999), underscores legal differences between the concepts of adverse possession and prescriptive easements. In upholding a finding that there was clear and convincing evidence, in a case involving two private landowners, of the requisite continuous use of a driveway for a 15–year period, so as to establish a prescriptive easement, the court in *Rogers* stated:

> In adopting the elements of adverse possession for prescriptive easements, we stated that they are "[s]ubject [ ] to such differences as are necessarily inherent to the application of the rules in such cases." * * * [T]hese inherent differences will necessarily revolve around the fundamental difference between possessing land in the case of adverse posses-

sion and using land in the case of a prescriptive easement.

*Id.* at 657 (quoting and citing *Romans v. Nadler*, 217 Minn. 174, 179, 14 N.W.2d 482, 485 (1944)). The supreme court continued:

> [C]ontinuity of use will vary depending on the type of use, and accordingly the court should not view continuity of use in the context of a prescriptive easement as strictly as in the context of adverse possession.

*Id.* (citing *Romans*, 217 Minn. at 179, 14 N.W.2d at 485). We believe that the "fundamental differences" identified in *Rogers* refer to differences between the "bundle of rights" acquired by adverse possession and those acquired by prescriptive easement, as well as the factual requirements for proof of each cause of action, rather than differences in public policy supporting disparate legal outcomes in statutory interpretation.

Nor are we persuaded by appellants' reliance on *Lindquist v. Weber*, 404 N.W.2d 884 (Minn.App.1987), *review denied* (Minn. June 26, 1987). In *Lindquist*, this court, in a narrowly-based ruling in equity, upheld a district court's determination that Minn.Stat. § 541.01 did not operate to defeat an otherwise valid prescriptive easement for access to a lake cabin established over public land. *Id.* at 887. The Lindquist court noted that "[o]nly a small portion (60 feet) of the access route" crossed over a dedicated public roadway, and that the remainder of the one-mile route lay "exclusively within the boundaries of (private) property." *Id.* In contrast, the easement asserted in this case appears to run exclusively, or nearly so, over property owned by respondent.

---

4. This court, in the unpublished case of *Lagan v. Nohner*, 1989 WL 63, No. C3–88–1712 (Minn.App. Jan. 3, 1989), applied Minn.Stat. § 541.01 to prevent establishment of a prescriptive easement in public land.

## II.

■ Appellants contend that even if Minn.Stat. § 541.01 applies, they have established a prescriptive easement pursuant to Minn.Stat. § 541.02 (2000) over at least two of the four parcels in question since they, or their predecessors in title, had established such an easement *before* Aitkin County purchased those parcels for public use. In order to establish a prescriptive easement, a party must prove use for a period of 15 years, and that such use was open, continuous, actual, hostile, and exclusive. *McCuen*, 263 N.W.2d at 65.

> Use of an easement is presumed to be adverse or hostile when the easement claimant shows open, visible, continuous, and unmolested use for the statutory period that is inconsistent with the owner's rights, under circumstances from which the owner's acquiescence may be inferred.

*Block v. Sexton*, 577 N.W.2d 521, 524 (Minn.App.1998) (citations omitted). The claimant prevails unless the defendant successfully rebuts this presumption. *Hartman v. Blanding's, Inc.*, 288 Minn. 415, 419, 181 N.W.2d 466, 468 (1970). If the other elements are shown, adverseness will be presumed; where the presumption is unavailable, adverseness becomes a question of fact with the burden on the party claiming the easement to prove the allegation by a preponderance of the evidence. *Rice v. Miller*, 306 Minn. 523, 525, 238 N.W.2d 609, 611 (1976). In undeveloped or rural areas, occasional or sporadic use may give rise to a prescriptive easement. *Block*, 577 N.W.2d at 524.

Appellants in this case have presented evidence indicating that the road over all four parcels was used and maintained as far back as 1957, when their predecessors-in-title acquired the lakeshore property. They presented no direct evidence, however, as to the use of the road prior to that date. The record reflects that in 1937, 1952, 1972, and 1994, respondent obtained title to the four parcels over which the road extends. Therefore, an issue of material fact exists as to whether the elements of a prescriptive easement may be established concerning two of the four parcels (those acquired in 1972 and 1994). Because the road was apparently in use for a period of 15 years before respondent gained ownership of those two parcels, appellant may be able to establish that a prescriptive easement was established before they were purchased for public use.

■ Respondent contends that appellants' inability to establish the requisite period of use as to two of the four parcels in question effectively defeats their right to a prescriptive easement over the complete length of the road leading to their property. This court has held, however, that an easement is considered appurtenant, or running with the land, if it is intended to benefit the grantee's land, even if it is not directly adjacent to the grantee's property. *Block*, 577 N.W.2d at 525. Therefore, appellants' inability to prove continuous use of two of the parcels for the statutory period does not operate to defeat their claim for a prescriptive easement as to the other two parcels. Appellants correctly assert that, should they succeed in establishing a prescriptive easement over two parcels, they may be able to petition the town under Minn.Stat. § 164.08 (2000) for a cartway over the remaining land, thus giving them access to their property.[5] Therefore, given the ma-

---

5. Minn.Stat. § 164.08, subd. 2(a) (2000), directs the town board to establish, on petition, a cartway for the benefit of

an owner of a tract of land containing at least five acres, who has no access thereto except over the lands of others, or whose

terial factual questions that remain, summary judgment was inappropriate. We remand to the district court for further proceedings to permit appellants to attempt to establish a prescriptive easement on the properties acquired by respondent in 1972 and 1994.

■ Appellants' last contention is that, if no action at law for a prescriptive easement is available, the principles of equitable estoppel should apply to provide them with an easement over respondent's land. *See City of Rochester v. N. Side Corp.*, 211 Minn. 276, 280–81, 1 N.W.2d 361, 363–64 (1941) (where rights claimed by an individual were exercised in good faith and held adversely to a city's rights, it would be inequitable for the city to be able to enforce its rights after remaining silent for over 83 years and benefiting from the individual's use). In view of our remand to the district court for further proceedings on the question of whether a prescriptive easement can be established over two of the parcels, we need not rule directly on this issue. We note, however, that such estoppel, which most often arises in the context of the abandonment of a dedicated street, requires affirmative action by the public landowner resulting in detrimental reliance by the opposing party. *Wolfson v. City of St. Paul*, 535 N.W.2d 384, 387 (Minn.App.1995), *review denied* (Minn. Sept. 28, 1995). No such action and ensuing detrimental reliance occurred here.

■ Finally, we deny appellants' motion to strike portions of respondent's appendix, and appellants' motion for an award of attorney fees. Appellants' first objection addresses an affidavit and its attachments providing background information and describing the Long Lake Conservation Center. The lands in issue in this case are a part of the Center. To the extent that any

access thereto is less than two rods in width.

of the challenged affidavit is controversial, it appears to us to be so only in response to the allegation made by appellants for the first time on appeal that their claimed prescriptive easement provides the only access to their property. In its discretion, the district court on remand may consider both parties' arguments on this issue. A second objection by appellants addresses the inclusion of an unpublished case of this court in the appendix of respondent. Appellants' objection to inclusion of this case is meritless. If cited in a brief or memorandum of law, a copy of an unpublished opinion must only be provided to other counsel "at the time the brief or memorandum is served." Minn.Stat. § 480A.08 (2000). Lastly, we decline to award attorney fees.

## DECISION

Minn.Stat. § 541.01 (2000) applies to actions to establish prescriptive easements. We reverse and remand for further proceedings on the question of whether a prescriptive easement as to two public parcels may be established. We deny appellants' motion to strike an affidavit and its attachments from respondent's appendix, and direct the district court, in its discretion, to consider such evidence on remand, as well as consider appellants' allegation that the public property at issue in this case constitutes appellants' sole access to their property. Appellants' motion to strike the unpublished case from respondent's appendix is denied, as is the request for an award of attorney fees.

**Affirmed in part, reversed in part, and remanded; motions denied.**

Given the unclear status of the record, a factual determination as to access may be made on remand by the district court.